2011 ME 63

**Patrick R. GORHAM**

v.

**ANDROSCOGGIN COUNTY et al.**

Supreme Judicial Court of Maine.

Argued: April 14, 2011.
Decided: May 31, 2011.

—————

Shawn J. Sullivan, Esq. (orally), Concord, NH, for Patrick Gorham.

James E. Belleau, Esq., Bryan M. Dench, Esq. (orally), Adam R. Lee, Esq., Skelton, Taintor & Abbott, Auburn, ME,

for Androscoggin County and Guy P. Desjardins.

William J. Schneider, Attorney General, Susan P. Herman, Asst. Atty. Gen., Office of the Attorney General, Augusta, ME, for amicus curiae State of Maine.

Gene R. Libby, Esq., Hillary J. Massey, Esq., Libby O'Brien Kingsley & Champion, LLC, Kennebunk, ME, for amici curiae Maine County Commissioners Association and Maine Sheriffs Association.

Linda D. McGill, Esq., Kai W. McGintee, Esq. (orally), Bernstein Shur, Portland, ME, for amicus curiae Maine Municipal Association.

David G. Webbert, Esq. (orally), Elizabeth EJ Burnett, Esq., Johnson & Webbert, LLP, Augusta, ME, Jeffrey N. Young, Esq., Carol J. Garvan, Esq., McTeague, Higbee, Case, Cohen, Whitney & Toker, P.A., Topsham, ME, for amici curiae Maine State Employees Association and Maine Employment Lawyers Association.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

LEVY, J.

[¶ 1] Patrick R. Gorham appeals from a judgment of the Superior Court (Androscoggin County, *Delahanty, J.*) dismissing his due process and wrongful termination claims as untimely pursuant to M.R. Civ. P. 80B(b). Gorham brought this action in response to his dismissal for cause from his employment as a county corrections officer pursuant to 30–A M.R.S. § 501(3)(A) (2010). Because we conclude that (1) Rule 80B(b)'s time limit for seek-ing review of a decision to dismiss an employee pursuant to section 501(3)(A) does not commence until the employee receives a written decision of the county commissioners or personnel board; and (2) on the motion to dismiss record, Gorham's claim regarding a denial of his right to due process of law was independent of his administrative appeal, we vacate the judgment.

## I. BACKGROUND

[¶ 2] Except as noted, the following facts are taken from Gorham's complaint. *See Persson v. Dep't of Human Servs.*, 2001 ME 124, ¶ 8, 775 A.2d 363, 365.

[¶ 3] Patrick Gorham was employed as a corrections officer at the Androscoggin County Jail. While on duty in August and September of 2009, Gorham was involved in two incidents of horseplay.

[¶ 4] In late September 2009, the Androscoggin County Sheriff suspended Gorham without pay and requested that the County Commissioners terminate his employment. Gorham was present at a November 4 hearing, at which the Commissioners voted to approve the Sheriff's recommendation to dismiss Gorham for cause pursuant to 30–A M.R.S. § 501(3)(A).[1] On November 18, the Commissioners issued a two-page written decision to dismiss Gorham that included factual findings and the rationale for the decision.

[¶ 5] On December 18, 2009, Gorham filed a complaint in the Superior Court asserting a due process claim pursuant to 42 U.S.C.S. § 1983 (LexisNexis 2002) and a wrongful termination claim pursuant to

---

1. This fact, relevant to determining the timeliness of Gorham's complaint, was stated in an affidavit attached to the defendants' motion to dismiss. With respect to a motion challenging the court's jurisdiction, we also consider materials outside the pleadings that are submitted by the moving party. *Davric Me. Corp. v. Bangor Historic Track, Inc.*, 2000 ME 102, ¶ 6, 751 A.2d 1024, 1028.

30–A M.R.S. § 501 (2010). The underlying facts alleged for both claims were identical. In January 2010, the County moved to dismiss Gorham's claims for lack of subject matter jurisdiction pursuant to M.R. Civ. P. 12(b)(1), claiming that (1) Gorham failed to file his complaint pursuant to M.R. Civ. P. 80B, which provides the exclusive means for judicial review of the claims asserted; (2) even if Gorham's complaint were construed as invoking the court's jurisdiction through Rule 80B, he failed to file his complaint within thirty days after notice of the Commissioners' action as required by Rule 80B(b); and (3) the Sheriff was not a proper party in a review of an administrative action.

[¶ 6] The court determined that Gorham's due process claim was "merely an 'alternate formulation' of his wrongful termination claim," and it treated Rule 80B as the exclusive means for judicial review. Based on its finding that Gorham was fully aware of the Commissioners' decision when they voted and announced their decision on November 4, the court dismissed his complaint as untimely pursuant to Rule 80B, which requires an appeal to be filed "within 30 days after notice of any action or refusal to act of which review is sought." M.R. Civ. P. 80B(b). After his motion for reconsideration was denied, Gorham appealed.[2]

## II. DISCUSSION

[¶ 7] To address Gorham's arguments on appeal, we consider (A) the meaning of "notice of any action," as it is used in Rule 80B(b); and (B) whether Rule 80B provides adequate, and therefore exclusive, review of Gorham's due process claim.

A. The Meaning of "Notice of Any Action" in Rule 80B(b)

[¶ 8] Gorham argues that his complaint was timely because the thirty-day time limit for seeking review pursuant to Rule 80B(b) did not begin to run until the Commissioners issued their written decision with their findings and rationale.

[¶ 9] We review the grant of a motion to dismiss de novo; however, when the motion to dismiss challenges the court's jurisdiction, we make no inferences in favor of the plaintiff. *See Persson*, 2001 ME 124, ¶ 8, 775 A.2d at 365. We also review the court's interpretation of the Rules of Civil Procedure de novo. *See Town of Poland v. T & M Mortg. Solutions, Inc.*, 2010 ME 2, ¶ 6, 987 A.2d 524, 526. In relevant part, Rule 80B provides: "The time within which review may be sought shall be as provided by statute, except that if no time limit is specified by statute, the complaint shall be filed within 30 days after notice of any action ... of which review is sought...." M.R. Civ. P. 80B(b).

[¶ 10] In this case, the statute governing dismissal of a county employee, 30–A M.R.S. § 501(3)(A), is silent as to the time for seeking review: "An employee may be dismissed by a county officer or department head only for cause and only with the prior approval of the county commissioners or personnel board...." The question thus presented is: what constitutes "notice of any action" to trigger Rule 80B(b)'s default thirty-day time limit for filing an administrative appeal?

[¶ 11] Viewing the plain language of Rule 80B(b) in the context of the whole rule, *T & M Mortg. Solutions*, 2010 ME 2, ¶¶ 6, 12, 987 A.2d at 526, 528, "any action" is one for which review by the Superior

---

**2.** Because the court dismissed Gorham's complaint as untimely, it did not consider whether the Sheriff was a proper party. As a result, that issue is not a subject of this appeal.

Court "is provided by statute or is otherwise available by law." M.R. Civ. P. 80B(a); *see, e.g.,* 4 M.R.S. § 105(3)(A) (2010) (providing the Superior Court with appellate jurisdiction over administrative appeals).

[¶ 12] Because "[t]he final judgment rule is equally applicable to appeals from administrative decisions," it is implicit in Rule 80B(b) and the jurisdictional statute that "notice of any action" refers to an action that "fully decides and disposes of the whole cause leaving no further questions for ... future consideration and judgment...." *See Rockland Plaza Realty Corp. v. City of Rockland,* 2001 ME 81, ¶ 25, 772 A.2d 256, 263 (Alexander, J., dissenting) (quotation marks omitted) (citing various authorities); *see also Carroll v. Town of Rockport,* 2003 ME 135, ¶ 23, 837 A.2d 148, 155 (holding that the time for taking an administrative appeal was triggered by a board's final vote rather than a preliminary vote); *Herrle v. Town of Waterboro,* 2001 ME 1, ¶ 9, 763 A.2d 1159, 1161 (stating that a decision by a zoning board of appeals interpreting an ordinance is advisory and not subject to judicial review); *Sawin v. Town of Winslow,* 253 A.2d 694, 698 (Me.1969) (stating that "a prerequisite of finality before appeal is sound administrative law"). To read "notice of any action" in a way that allows appeals of non-final administrative actions would lead to absurd results that the drafters of the rule could not have intended. *See Tenants Harbor Gen. Store, LLC v. Dep't of Envtl. Prot.,* 2011 ME 6, ¶ 9, 10 A.3d 722, 726.

[¶ 13] Even considering the implicit requirement of finality, we conclude that the phrase "notice of any action" is ambiguous because it could refer to an agency's final vote and decision announced at a public hearing, or it could refer to an agency's subsequent issuance of a written decision that includes findings of fact and the rationale behind the decision.

[¶ 14] When construing an ambiguous rule of court, our aim is to give effect to the underlying intent of the rule. *Me. Sav. Bank v. DeCosta,* 403 A.2d 1195, 1199 (Me.1979). To determine the underlying intent of a rule, we consider "the whole body of the rules affecting the specific area of concern" to reach a consistent and harmonious construction. *Id.* We also seek guidance from the reporter's notes and advisory committee's notes related to the rule in question. *T & M Mortg. Solutions,* 2010 ME 2, ¶ 6 n. 2, 987 A.2d at 526.

[¶ 15] Although the notes accompanying Rule 80B do not provide direct guidance to resolve the ambiguity of the phrase "notice of any action" in Rule 80B(b), the reporter's notes discussing the filing of a complaint pursuant to Rule 80B(a) state that "[i]t seems reasonable that in all these proceedings the aggrieved party should be required to state his grievance" in the complaint whether required by statute or not. M.R. Civ. P. 80B Reporter's Notes. An aggrieved party, however, cannot state a grievance without first understanding the basis for an agency's decision. Indeed, a party might not recognize whether a grievance exists until an agency articulates its findings and rationale in a final written decision. Conversely, an agency's findings and rationale might persuade the aggrieved party to accept the agency's decision and forego judicial review.

[¶ 16] Other policy considerations and practical reasons expressed elsewhere in the Rules support construing "notice of any action" as referring to a final written agency decision that is supported by findings of fact and conclusions of law where a written decision with findings and/or conclusions is required by rule or statute. A decision to take an appeal should be informed. *See* M.R. Civ. P. 11(a) (requiring

that "there is good ground to support [every pleading or motion]"). Furthermore, requiring parties with nascent grievances to file Rule 80B complaints pro forma to prevent losing their right of appeal is not an efficient use of judicial resources. *See* M.R. Civ. P. 1 ("[These rules] shall be construed to secure the just, speedy and inexpensive determination of every action."). To construe "notice of any action" as referring to a decision unsupported by findings and conclusions in circumstances where the law requires the issuance of a written decision "would require a party to appeal a decision of an administrative board before the basis of that decision is set forth, and, therefore, before it becomes clear whether an appeal is warranted." *Woodward v. Town of Newfield,* 634 A.2d 1315, 1318 (Me.1993) (Clifford, J., dissenting).

[¶ 17]   In this case, the Commissioners were required by statute to issue a written decision that explained the basis for their decision to dismiss Gorham. *See Quintal v. City of Hallowell,* 2008 ME 155, ¶ 32, 956 A.2d 88, 96. The Freedom of Access Act (FOAA) provides, in relevant part:

> Every agency shall make a written record of every decision involving the dismissal ... of any public ... employee.... The agency shall ... set forth in the record the reason or reasons for its decision and make findings of fact, in writing, sufficient to apprise the individual concerned and any interested member of the public of the basis for the decision. A written record or a copy thereof must be kept by the agency and made available to any interested member of the public who may wish to review it.

1 M.R.S. § 407(2) (2010).

[¶ 18]   FOAA is silent as to whether an agency is required to send its written decision to the parties to the proceedings, but common sense and basic fairness suggest that agencies should be so required. In the analogous context of Rule 80C appeals, the Maine Administrative Procedure Act establishes more specific procedural requirements related to the time in which an appeal must be taken. *See* 5 M.R.S. § 9061 (2010) (requiring agency decision to be stated in the record or written, and to include "findings of fact sufficient to apprise the parties and any interested member of the public of the basis for the decision," and requiring a copy of the decision to be delivered or mailed to the parties with written notice of the right to appeal); 5 M.R.S. § 11002(3) (2010) (requiring a party to the proceeding to file a petition for review of agency action within thirty days after receipt of notice). For Rule 80B, there are no comparable administrative procedure statutes.

[¶ 19]   "The purpose of Rule 80B is to provide 'a uniform and simple procedure for all review of administrative action.'" *Sawin,* 253 A.2d at 698 (quoting Field & McCusick, Maine Civil Practice § 80B.1 at 603 (1959)). In this instance, treating the written decision required by FOAA as an integral part of "notice of any action" giving rise to the right of administrative review pursuant to Rule 80B brings uniformity and simplicity to the administrative review process. Specifically, requiring agencies that are subject to FOAA's written decision requirements of section 407(2) to "deliver[ ] or promptly mail[ ]" a copy of the decision to the parties to the proceedings, *see* 5 M.R.S. § 9061, would provide uniformity in the procedures of Rule 80B and Rule 80C. Similarly, tying the commencement of Rule 80B(b)'s thirty-day time limit to a party's receipt of the written decision, *see* 5 M.R.S. § 11002(3), would simplify factual determinations related to the timeliness of Rule 80B appeals. *Compare Britton v. Dep't of Con-*

*servation,* 2009 ME 60, ¶ 12, 974 A.2d 303, 307–08 (determining timeliness of Rule 80C appeal based on the date that a party's attorney received an agency's decision), *with Caron v. City of Auburn,* 567 A.2d 66, 67 (Me.1989) (stating that actual notice for purpose of determining timeliness of a Rule 80B appeal occurred when an interested party learned of a board decision from a neighbor). Accordingly, we hold that, for purposes of Rule 80B(b), "notice of any action" involving the dismissal of a county employee pursuant to 30–A M.R.S. § 501(3)(A) occurs when the employee receives a copy of the written decision of the county commissioners or personnel board required by 1 M.R.S. § 407(2).[3]

[¶ 20] In this case, the Commissioners voted and announced their decision on November 4, they issued their written decision with findings of fact on November 18,[4] and Gorham filed his complaint on December 18. Based on our construction of Rule 80B(b), Gorham filed his complaint within thirty days of the Commissioners' notice of their action, and the court erred by dismissing it as untimely.[5]

**B.  Section 1983 Claim**

[¶ 21] Gorham also challenges the court's conclusion that direct review pursuant to 80B provides adequate remedies for his § 1983 claim, and it is therefore the exclusive means for judicial review. Gorham argues that review of the Commissioners' action cannot redress his independent claim that the Sheriff deprived him of a property interest without due process by suspending him without pay before the Commissioners conducted a hearing.

[¶ 22] With respect to independent claims that are not subject to Rule 80B, we have held that when direct review is available pursuant to Rule 80B, it provides the exclusive process for judicial review unless it is inadequate. *Colby v. York Cnty. Comm'rs,* 442 A.2d 544, 545, 547 (Me.1982) (concluding that due process claims—related to Commissioners' failure to hold a public hearing, exclusion of evidence, and lack of opportunity to examine witnesses— could be adequately addressed through Rule 80B review); *see also Kane v. Comm'r of the Dep't of Health & Human*

---

3. We have earlier suggested in dictum that "the 'notice' that starts the thirty-day time limit within which an appeal pursuant to Rule 80B must be taken need not be in writing." *Woodward v. Town of Newfield,* 634 A.2d 1315, 1317–18 (Me.1993) (citing *Caron v. City of Auburn,* 567 A.2d 66, 67 (Me.1989)). However, we have neither cited to nor applied this dictum in subsequent cases. To the extent that this dictum is inconsistent with our construction of Rule 80B when applied in cases subject to 1 M.R.S. § 407(2) (2010), we disavow it.

4. The record does not indicate the date on which Gorham received the Commissioners' decision.

5. Because we conclude that Gorham's Rule 80B complaint was timely, it follows that the court erred when it dismissed his due process claim as untimely. As a result, we need not resolve whether Gorham's claim pursuant to

42 U.S.C.S. § 1983 (LexisNexis 2002) is subject to the thirty-day time period provided by Rule 80B(b). *Compare Colby v. York Cnty. Comm'rs,* 442 A.2d 544, 548–49 (Me.1982) (remanding to dismiss as untimely, pursuant to Rule 80B(b), a due process claim that was an "alternate formulation" of an administrative appeal), *with McKenney v. Greene Acres Manor,* 650 A.2d 699, 701 (Me.1994) ("Maine's six-year residual statute of limitations applies to all section 1983 cases arising in Maine ...."); *see also Wilson v. Garcia,* 471 U.S. 261, 278–80, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), *superceded in part by statute,* Judicial Improvements Act of 1990, Pub.L. No. 101–650, § 313(a), 104 Stat. 5089, 5114 (1990) (codified at 28 U.S.C.S. 1658 (LexisNexis 2003)); *Owens v. Okure,* 488 U.S. 235, 249–50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989).

*Servs.*, 2008 ME 185, ¶¶ 2, 30–32, 960 A.2d 1196, 1198, 1204–05 (concluding that dismissal of a § 1983 claim was not an abuse of discretion where claims of exclusion of evidence, failure to conduct meaningful review, and application of improper standard were duplicative of a Rule 80C appeal). We have also concluded that a dismissed town employee's failure to avail himself of adequate redress that was available through Rule 80B's post-deprivation administrative hearing process precluded him from pursuing an independent § 1983 action arising from a two-day suspension without pay. *Moreau v. Town of Turner*, 661 A.2d 677, 679, 680 (Me.1995); *see also Parratt v. Taylor*, 451 U.S. 527, 538–41, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) (explaining that when pre-deprivation process is impractical because the government's negligent deprivation of property was "random and unauthorized," post-deprivation procedures may satisfy due process), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330–31, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (extending the holding of *Parratt* to cases of intentional deprivations of property).

[¶ 23] On the other hand, we have recognized that public employees who have a property right in continued employment are entitled to notice and an opportunity to be heard before they can be deprived of that property right. *Moen v. Town of Fairfield*, 1998 ME 135, ¶ 9, 713 A.2d 321, 324–25 (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 545–46, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985)). A meaningful opportunity to be heard need not entail a full, formal evidentiary hearing "as long as the employee has the opportunity to tell his or her side of the story and explain why termination should not occur." *Id.*

[¶ 24] The record on the motion to dismiss in this case does not establish whether Gorham had an opportunity to address his suspension without pay at the Commissioners' hearing, *see Moreau*, 661 A.2d at 680; whether the Sheriff provided a presuspension opportunity for Gorham to defend his position or argue for a lesser sanction, *see Moen*, 1998 ME 135, ¶ 9, 713 A.2d at 324–25; or whether the post-deprivation process that he was afforded was adequate to address his initial suspension, *see Parratt*, 451 U.S. at 541, 101 S.Ct. 1908.

[¶ 25] In his complaint, Gorham alleges that the Sheriff suspended him without pay before he had an opportunity to be heard. Because this alleged deprivation of property occurred before the Commissioners' administrative hearing, we cannot, on this record, conclude that direct review pursuant to Rule 80B would provide an adequate remedy for Gorham's § 1983 claim. Accordingly, the court erred when it concluded that Gorham's § 1983 claim was not independent of his administrative appeal and should be dismissed.

The entry is:

Judgment vacated. Remanded for further proceedings consistent with this opinion.