STATE OF MAINE
CUMBERLAND, ss

BUSINESS AND CONSUMER COURT
Location:  Portland
Docket No.:  BCD-AP-11-02

MALLINCKRODT US, LLC and
UNITED STATES SURGICAL CORP.,

           Petitioners,

v.

MAINE DEPARTMENT OF
ENVIRONMENTAL PROTECTION,

           Respondent

)
)
)
)
)
)
)
)
)
)
)
)
)
)

**ORDER**
(Motion to Dismiss)

Respondent Maine Department of Environmental Protection moves to dismiss,[1] pursuant to M.R. Civ. P. 12(b)(6), the independent claim asserted by Petitioners Mallinckrodt and United States Surgical Corp. (collectively, "Mallinckrodt") for violations of 42 U.S.C.S. § 1983 (LexisNexis 2002). The Department asserts that Mallinckrodt's section 1983 action is precluded because M.R. Civ. P. 80C provides Mallinckrodt with an exclusive and adequate remedy for all of its claims.

Mallinckrodt filed its petition for review of agency action on September 17, 2010, asserting various errors of both law and fact in the Maine Board of Environmental Protection's August 19, 2010, order (the "Order"). *See* 5 M.R.S. § 11007(4)(C) (2012) (stating grounds upon which a court may reverse or modify the decision of an administrative agency); M.R. Civ. P. 80C. Among the challenges to the Order asserted by Mallinckrodt as part of the administrative

---

[1]  Respondent initially filed this motion on October 14, 2010, but the Court stayed action on the motion pending a decision on Mallinckrodt's appeal of the Maine Board of Environmental Protection's August 19, 2010, order. The Court affirmed the Board's order in full on October 31, 2012. The Court heard oral argument on the motion on December 20, 2012.

appeal were constitutional due process violations, claims of bias, and challenges to the exclusion of evidence of bias at the proceeding. *See* 5 M.R.S. § 11007(4)(C)(1), (3), (4). Mallinckrodt also asserted, in its section 1983 challenge to the Order, a due process violation based on structural bias. (Petition ¶¶ 202-18.) Both the Rule 80C claims and the section 1983 claim seek the same relief. (*See* Petition at 35-36.)

A motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) "tests the legal sufficiency of the complaint and, on such a challenge, 'the material allegations of the complaint must be taken as admitted.'" *Shaw v. S. Aroostook Comm. Sch. Dist.*, 683 A.2d 502, 503 (Me. 1996) (quoting *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994)). When reviewing a motion to dismiss, the court examines "the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Shaw*, 683 A.2d at 503.

The Department argues that M.R. Civ. P. 80C provides Mallinckrodt with an adequate remedy for its claim of bias and that remedy is exclusive. "[W]hen a legislative body has made provision, by the terms of a statute or an ordinance, for a direct means by which the decision of an administrative body can be reviewed in a manner to afford adequate remedy, such direct avenue is intended to be exclusive." *Fisher v. Dame*, 433 A.2d 366, 372 (Me. 1981); *accord Gagne v. Lewiston Crushed Stone Co.*, 367 A.2 613, 618 (Me. 1976). Thus, when an "agency's decision is reviewable pursuant to . . . M.R. Civ. P. 80C, that process provides the 'exclusive process for judicial review unless it is inadequate'" and will cause irreparable injury. *Antler's Inn & Rest., LLC v. Dep't of Pub. Safety*, 2012 ME 143, ¶ 14, -- A.3d --- (quoting *Gorham v. Androscoggin Cnty.*, 2011 ME 63, ¶ 22, 21 A.3d 115); *Fisher*, 433 A.2d at 372, 374. The exclusivity principle applies to independent claims for relief brought with administrative appeals,

2

such as a declaratory judgment action or a section 1983 action. *See Antler's Inn*, 2012 ME 143, ¶¶ 14-15, -- A.3d ---; *Sold, Inc. v. Town of Gorham*, 2005 ME 24, ¶ 15, 868 A.2d 172.

"Title 42 U.S.C.S. § 1983 provides a mechanism for a party to obtain relief for the acts of government officials who, while acting under color of state law, . . . cause the deprivation of a federal right."[2] *Antler's Inn*, 2012 ME 143, ¶ 14, -- A.3d --- (quotation marks omitted). In its section 1983 action, Mallinckrodt asserts the proceeding was tainted with structural bias resulting from conflicting roles of assistant attorney generals who prosecuted the case, but had advised the Board in the past, and the Board's reliance on technical staff of the Department. Mallinckrodt alleges these deficiencies resulted in a biased proceeding in violation of its right to due process. Mallinckrodt argues that because it was prevented from presenting evidence of bias during the administrative hearing and during the administrative appeal, the substance of its section 1983 claim has not been addressed in any forum.

First, the Court notes that a claim alleging the exclusion of evidence is not a cognizable section 1983 claim when an 80C process is available. *See Antler's Inn*, 2012 ME 143, ¶ 14, -- A.3d ---. Further, Mallinckrodt's claims of bias and due process violations fall squarely within the scope of 5 M.R.S. § 11007(C)(4). *See id.* ¶ 15. Third, the Court in fact addressed Mallinckrodt's arguments regarding the exclusion of evidence and constitutional violations in its Decision and Order dated October 31, 2012.[3] *See Adelman v. Town of Baldwin*, 2000 ME 91, ¶

---

[2] Because the Court resolves the motion on other grounds, the Court does not address the Department's argument that Mallinckrodt has failed to appropriately assert any claim against a "person," i.e., an individual official, as opposed to the entire Department. *See* 42 U.S.C.S. § 1983 (providing a cause of action against a "person").

[3] As explained in the October 31, 2012, Decision and Order, the Board recognized that "[i]n its review of the Commissioner's Order, the Board must determine whether 'hazardous substances are or were handled or otherwise came to be located' at the Site that 'may create a danger to the public health, to the safety of any person or to the environment.'" (A.R. 344 at 14 (quoting 38 M.R.S. § 1365(1) (2012).). Because the Board undertook an independent review of both the conditions at the site, and the appropriate remedy, whether the Commissioner's decision was influenced by political considerations was not pertinent to the Board's determination. In the 80C

3

7, 750 A.2d 577 (explaining allegations of bias asserted in an independent claim for relief are duplicative when those allegations are addressed in an administrative appeal). Finally, Mallinckrodt seeks no relief in its section 1983 claim separate from the relief it sought in its administrative appeal. *See Kane v. Comm'r of the Dep't of Health & Human Servs.*, 2008 ME 185, ¶ 32, 960 A.2d 1196.

In sum, because the administrative process provides Mallinckrodt with an adequate and thus exclusive remedy, because the Court addressed Mallinckrodt's challenges, and because Mallinckrodt seeks no unique relief in its independent claim, the Court concludes that Mallinckrodt's section 1983 claim must be dismissed. Accordingly, and based on the foregoing analysis, the Court GRANTS the Department's motion to dismiss Mallinckrodt's section 1983 claim.

Pursuant to M.R. Civ. P. 79(a), the Clerk shall incorporate this Decision and Order into the docket by reference.

Date: 1/25/13

Justice, Maine Business & Consumer Court

Entered on the Docket: 1·28·13
Copies sent via Mail ___ Electronically ✓

---

proceeding, Mallinckrodt challenged the Board's exclusion of the evidence of political bias, which challenge the Court rejected. The issue was thus part of the Rule 80C action.

4