STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-14-39
TDW-CUM-06-19-14

STATE OF MAINE
Cumberland, ss, Clerk's Office

JUN 19 2014

RECEIVED

MICHAEL DOYLE,

Plaintiff

v.

ORDER

TOWN OF FALMOUTH,

Defendant

This is an action in which plaintiff Michael Doyle is challenging the Town of Falmouth's decision not to provide him with one free hour of response time for each of some 31 Freedom of Access requests he filed with the Town from November 2011 to December 2012. *See* 1 M.R.S. § 408-A(8)(B). Doyle's complaint states that the Town has taken the position that he is not entitled to a free hour on each of those requests because he has filed one continuing request.

The Town has filed a motion to dismiss contending that this action should be dismissed as untimely. At the hearing on June 11, 2014 Doyle and the Town agreed that Doyle had paid the last of the invoices for his 31 requests (without getting the benefit of the first free hour) in mid-December of 2012.

Doyle argued that the statute calls for a final bill to be presented and that no time limit would begin to run until that has happened. Pursuant to the court's order dated June 11, 2014 he has since submitted a legal memorandum in support of his position. However, Doyle has not pointed to any provision in the Freedom of Access law that refers to a "final bill" or supports the position that his time to challenge the Town's

DONALD L. GARBRECHT
LAW LIBRARY

JUL 17 2014

decision not to grant him one free hour would not begin to run until a final bill has been presented.

Doyle is seeking review of an action by the Town, and therefore Rule 80B applies. When he paid the last of the invoices that did not give him the benefit of the first free hour, he had notice of the Town's action and the 30 day time limit set by Rule 80B(b) began to run. There is no statutory requirement that the Town's denial of one free hour be set forth in a written decision. *Compare Gorham v. Androscoggin County*, 2011 ME 63 ¶¶ 16-17, 21 A.3d 115. Moreover, Doyle was fully aware of the reason given by the Town for the denial of a free hour when he paid the invoices in question. *See* Complaint ¶ 3 and invoices attached to complaint. Doyle did not file the complaint within 30 days of the Town action that he is seeking to review, and the complaint must therefore be dismissed.

This does not constitute a decision on the merits of Doyle's claim. If Doyle files further FOAA requests in the future and the Town declines to give him one free hour, Doyle will be free to challenge that action under Rule 80(b) within 30 days of the date that he receives notice of the Town's denial. A decision on the merits of Doyle's claim at that time will depend on whether the specific request or requests in question can be deemed to constitute one continuing request.[1]

Also pending before this court is a motion by the Town for a hearing on Doyle's application for leave to proceed without payment of fees. The court agrees that the provision in Rule 91(a)(2) that an applicant's financial affidavit may be disclosed to

---

[1] The FOAA statute allows a governmental entity to charge up to $15 per hour after the first hour of staff time "per request." 1 M.R.S. § 408-A(8)(B).

2

other parties in the action, along with the wording of the financial affidavit itself,[2] support the Town's ability to request a hearing. However, since the Town agreed at the June 11 hearing that the appropriate remedy – if Doyle were found to have misstated his income or assets on the affidavit – would be for the case to be dismissed unless Doyle paid the filing and service fees, the Town's motion for a hearing on Doyle's financial affidavit is denied as moot. Since this action is already subject to dismissal for the reasons stated above, no purpose will be served in holding a hearing to determine whether the filing fee should have been waived.

The entry shall be:

The Town of Falmouth's motion to dismiss is granted. The Town's motion for a hearing on Doyle's application for leave to proceed without payment of fees is dismissed as moot. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: June_19_, 2014

Thomas D. Warren
Justice, Superior Court

---

[2] The financial affidavit (Official Court Form CV-191) includes the following statement: "I understand and agree that further investigation may be conducted, if necessary, to verify the information I have provided."

3

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

MICHAEL DOYLE
3 SHADY LANE
FALMOUTH ME 04105

Plaintiff

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

MARK FRANCO ESQ
THOMPSON & BOWIE
PO BOX 4630
PORTLAND ME 04112-4630

Defense Attorney