ALEXANDER, J.,
dissenting.
[¶ 32] I respectfully dissent.
[¶ 33] The Freedom of Access Act specifies that, when any agency conditionally approves or denies any permit, the agency “shall set forth in the record the reason or reasons for its decision and make finding[s] of the fact, in writing, sufficient to appraise the applicant and any interested member of the public of the basis for the decision.” 1 M.R.S. § 407(1) (2014). The same requirement applies, as a matter of due process, when any application for a permit is approved after a hearing process when issuance of the permit was opposed by a party with an interest in the proceedings. Carroll v. Town of Rockport, 2003 ME 135, ¶¶ 26-31, 837 A.2d 148.
*1133 [¶ 34] When a written decision or findings are required by law, the findings must be sufficiently specific to permit understanding and meaningful appellate review. Schwartz v. Unemployment Ins. Comm’n, 2006 ME 41, ¶10, 895 A.2d 965. When findings of fact are required by law or ordinance, and an administrative agency “fails to make sufficient and clear findings of fact and such findings are necessary to judicial review, [the Court] will remand the matter to the agency or board to make the findings.” Carroll, 2003 ME 135, ¶ 30, 837 A.2d 148; see also Christian Fellowship & Renewal Ctr. v. Town of Limington, 2001 ME 16, ¶¶ 11-19, 769 A.2d 834. The result of a vote, even if supported by statements of individual members of the administrative decision-maker, does not constitute a final, appealable decision, unless the reported statements are adopted by the entire decision-making body. Carroll, 2003 ME 135, ¶ 28, 837 A.2d 148.
[¶ 35] In Gorham v. Androscoggin County, 2011 ME 63, ¶¶ 8-20, 21 A.3d 115, we clarified the holding of Carroll to indicate that when a statute or local ordinance requires that a municipal administrative decision be in writing, the time for taking an 80B appeal will run from the time of approval of the written decision, not from any earlier vote that preceded preparation of the written decision. Notably, both the Freedom of Access Act, 1 M.R.S. § 407(1), and the Town’s land use ordinance required the written decision here.
[¶ 36] In Gorham, we articulated the reasons for holding that the time for taking an appeal run from preparation of a statutorily required written decision, and not from any earlier vote, as follows:
An aggrieved party ... cannot state a grievance without first understanding the basis for an agency’s decision. Indeed, a party might not recognize whether a grievance exists until an agency articulates its findings and rationale in a final written decision. Conversely, an agency’s findings and rationale might persuade the aggrieved party to accept the agency’s decision and fore-go judicial review.
Other policy considerations and practical reasons expressed elsewhere in the Rules support construing “notice of any action” as referring to a final written agency decision that is supported by findings of fact and conclusions of law where a written decision with findings and/or conclusions is required by rule or statute. A decision to take an appeal should be informed. See M.R. Civ. P. 11(a) (requiring that “there is good ground to support [every pleading or motion]”). Furthermore, requiring parties with nascent grievances to file Rule 80B complaints pro forma to prevent losing their right of appeal is not an efficient use of judicial resources. See M.R. Civ. P. 1 (“[These rules] shall be construed to secure the just, speedy and inexpensive determination of every action.”). To construe “notice of any action” as referring to a decision unsupported by findings and conclusions in circumstances where the law requires the issuance of a written decision “would require a party to appeal a decision of an administrative board before the basis of that decision is set forth, and, therefore, before it becomes clear whether an appeal is warranted.”
Id. ¶¶ 15-16 (quoting Woodward v. Town of Newfield, 634 A.2d 1315, 1318 (Me.1993) (Clifford, J., dissenting)).
[¶ 37] The majority opinion in Woodward v. Town of Newfield, cited to support the Court’s opinion here, is explicitly disavowed at n.3 of Gorham. Following up on Gorham, this year we amended Rule 80B(b) to specify that the time for filing an appeal begins to run on the date of the public vote or announcement of the final *1134 decision sought to be appealed. However, if a statute, ordinance, or rule requires that the decision be in writing, then the time for the filing of an appeal begins “when the urntten decision has been adopted.” (Emphasis added.)
[¶ 38] Considering that the Freedom of Access Act, 1 M.R.S. § 407(1), requires that most local decisions resulting from administrative adjudications be in writing, the time for filing most appeals from local administrative decisions begins to run from adoption of the written decision — or publication of the decision if it is not formally adopted. Here, there was a vote adopting the written decision that, pursuant to the Town ordinance, was the final decision, triggering the running of the time for appeal. This appeal to the Superior Court was timely after publication of the written decision required by law. I would reach the merits of this appeal.