STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-16-84-48

FREDERICK OLSON, et al.,

                    Plaintiffs

v.                                                                              ORDER

                                        MAR 1 6

TOWN OF YARMOUTH, et al.,          RECEIVED

                    Defendants

Before the court is a motion by party in interest Portland Cellular Partnership d/b/a Verizon Wireless to dismiss the Rule 80B petition filed by Frederick Olson and Leora Rabin. Although it did not brief the issue, defendant Town of Yarmouth has written a letter stating that it supports Verizon's position.

The issue presented on the motion is whether plaintiffs missed the 30-day deadline in Rule 80B for filing their appeal from a decision of the Yarmouth Planning Board conditionally approving, after site plan review, an application by Verizon to install telecommunications antennas on an existing water tank.

The Yarmouth Planning Board voted to conditionally approve the Verizon application at a meeting on September 28, 2016. At that time no written decision was issued, and all parties appear to agree that conditional approvals must be in writing pursuant to Maine's Freedom of Access Act, 1 M.R.S. § 407. On October 7, 2016 at 2:50pm[1] Yarmouth's director of planning emailed a letter dated October 7, 2016 confirming the Planning Board's vote to counsel for Verizon. The letter was actually mailed on the following Tuesday, October 11 (October 10 was Columbus Day). No copy was sent to

---

[1] Plaintiffs assert without contradiction that this was after Yarmouth's normal business hours on a Friday.

plaintiffs Frederick Olson or Leora Rabin, who had appeared to oppose the site plan application at the September 28 Planning Board meeting.

The only further action taken by the Planning Board was to approve the minutes of its September 28, 2016 meeting at its October 12, 2016 meeting. This action was filed on November 8, 2016 – thirty two days after the October 7, 2016 letter was emailed to counsel for Verizon, 28 days after the October 7 letter was mailed, and 27 days after the October 12, 2016 Planning Board meeting.

There is no dispute that since the Yarmouth ordinance does not provide any specified deadline for appeal, the applicable deadline for appeal is governed by M.R.Civ.P. 80B(b), which provides in pertinent part:

> The time within which review may be sought shall be as provided by statute, except that if no time limit is specified by statute, the complaint shall be filed within 30 days after notice of any action or refusal to act of which review is sought unless the court enlarges the time in accordance with Rule 6(b) . . . . The time for the filing of an appeal shall commence upon the date of the public vote or announcement of final decision of the governmental decision-maker of which review is sought, except that, if such governmental action is required by statute, ordinance, or rule to be made or evidenced by a written decision, then the time for the filing of an appeal shall commence when the written decision has been adopted. If such written decision is required by statute, ordinance, or rule to be delivered to any person or persons, then the time for the filing of an appeal shall commence when the written decision is delivered to such person or persons. If such written decision is sent by mail, delivery shall be deemed to have occurred upon the earlier of (i) the date of actual receipt or (ii) three days after the date of mailing.

There is no statute, ordinance, or rule requiring that the written decision be delivered to persons who opposed Verizon's site plan application at the Planning Board hearing. Accordingly Verizon argues that the 30-day deadline in Rule 80B ran from "when the written decision was adopted," which Verizon argues was October 7, the date of the

2

written decision and the date when the letter was emailed to Verizon's counsel. Plaintiffs argue that the use of the term "adopted" means something more formal than the emailing of a document after business hours.

Plaintiffs' argument gains considerable support given the particular facts in this case. Specifically, plaintiffs have submitted uncontroverted evidence in the form of an affidavit from Leora Rabin stating that (1) after the Planning Board vote and before the October 7 letter, she made an inquiry to the Town Manager about the appeal period and was told only that he would have to consult the town attorney; (2) she asked to inspect the Town's complete official record on the Verizon application on October 19, 2016 but the October 7 letter was not contained in the files she was shown on that date; and (3) after Verizon filed its motion to dismiss, she visited the Town offices again and was told that the reason the October 7 letter had not been made available on October 19 was that it must have been in a "to be filed" folder.[2]

The Freedom of Access law requires that a written record of conditional approvals or denials "shall be kept by the agency and <u>made available to any member of the public who may wish to review it</u>." 1 M.R.S. § 407(1) (emphasis added). That provision was violated by the Town of Yarmouth in this case.

The Law Court has previously ruled that written decisions required by the Freedom of Access law are "an integral part" of providing notice to persons seeking judicial review

---

[2] Verizon contends, without offering any evidentiary support, that if Rabin had requested the written decision on October 19, it would have been provided "immediately." Rabin's uncontroverted affidavit, however, states that she asked for the "complete official record" on October 19 but the October 7 letter was not made available. She was not required to make a further inquiry.

under Rule 80B. *Gorham v. Androscoggin County*, 2011 ME 63 ¶ 19, 21 A.3d 115. Where the Freedom of Access law has been violated because a written decision has not been made available within the deadline for seeking judicial review despite an inquiry by the party who wishes to appeal, the court does not accept the position of Verizon and the Town that plaintiffs' appeal in this case is untimely.

The court therefore concludes that the written decision in this case was not "adopted" on October 7. Plaintiffs argue that the decision was not adopted until the Planning Board's approval of the minutes of the September 28 meeting on October 12. Although those minutes do not mention the written decision, they constitute written confirmation of the Planning Board's decision.

However, the court would be more inclined to rule, consistent with the Freedom of Access law, that adoption occurred when the written decision was properly placed in the file and made available to members of the public. In this case that did not happen until sometime after October 19, and plaintiff's November 8 complaint was therefore timely.

In the alternative, plaintiffs have argued that under the specific facts in this case the Town is equitably estopped from relying on the October 7 email because town officials, by their failure to make the October 7 letter available on October 19 in violation of 1 M.R.S. § 407(1), engaged in a misrepresentation by silence on which plaintiffs were entitled to rely. *See State v. Brown*, 2014 ME 79 ¶ 14, 95 A.3d 82. Equitable estoppel applies whether or not the misrepresentation was intentional. *E.g., Mrs. T. v. Commissioner of Health and Human Services*, 2012 ME 13 ¶ 6 n.4, 36 A.3d 888.

4

The only remaining question is whether equitable estoppel against the Town should also apply to Verizon. However, as the defender of the Town's decision, Verizon should not be able to take advantage of the Town's failure to make the written decision available.

Finally, Rule 80B(b) expressly provides that the 30 day deadline can be enlarged by the court pursuant to Rule 6(b). Although plaintiffs have not specifically sought relief under Rule 6(b), the existing submissions set forth the relevant facts. Verizon argues that plaintiffs bore responsibility for determining when a written decision had issued. Even if that argument were accepted notwithstanding the Town's failure to make the October 7 letter available on October 19 when Rabin reviewed the file, the court finds that plaintiffs indisputably meet the excusable neglect standard in Rule 6(b)(2). Accordingly, plaintiffs are entitled to a 2 day extension to allow their complaint to be accepted as of November 8, 2016.

The parties have already briefed the appeal and the court will now take the appeal under advisement. If the court determines that oral argument is necessary, counsel will be advised as to the date and time.

The entry shall be:

The motion to dismiss by party in interest Verizon Wireless is denied. Under advisement order issued as to the appeal, which has been fully briefed. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: March 15, 2017

Thomas D. Warren
Justice, Superior Court