STATE OF MAINE                          SUPERIOR COURT
YORK, ss.                               CIVIL ACTION
                                        DOCKET NO. AP-15-37

BR2, LLC,                          )
                                   )
              Plaintiff,           )
                                   )
       v.                          )
                                   )
INHABITANTS OF THE TOWN OF         )
KENNEBUNK, THE ZONING BOARD        )
OF APPEALS OF THE TOWN OF          )
KENNEBUNK, and PAUL DEMERS,        )
                                   )
              Defendants,          )
                                   )        **ORDER**
and                                )
                                   )
CONCERNED CITIZENS OF              )
KENNEBUNK LOWER                    )
VILLAGE, LEILA JAHNKLE,            )
EDITH LAMBERTS, and RICHARD        )
LAMBERTS,                          )
                                   )
              Intervenors.         )
                                   )

Pending before the Court is Defendants' Motion to Dismiss counts I and II of the

Plaintiff's Complaint.

## I.    Background

### A.  Procedural History

Plaintiff brings this action under Maine Rule of Civil Procedure 80B, appealing the

Notice of Violation issued by Paul Demers, Code Enforcement Officer ("CEO") for the Town of

Kennebunk, and the affirmance thereof by the Town's Zoning Board of Appeals ("ZBA").

Plaintiff also brings two independent counts under Rule 80B(i), seeking (I) the entry of a

judgment declaring Defendants are equitably estopped from enforcing certain zoning ordinances

1

against it, and (II) the entry of a judgment declaring CEO Paul Demers and the Town of Kennebunk denied Plaintiffs certain procedural rights guaranteed by the due process clauses of state and federal Constitutions. Defendants now move to dismiss Counts I and II of the Plaintiff's complaint under Maine Rule of Civil Procedure 12(b)(6).

## B. Facts as Alleged in Plaintiff's Complaint

Plaintiff BR2, LLC, owns a restaurant in Kennebunk's "Lower Village Business Zone." Plaintiffs negotiated the purchase and sale of an adjacent property located at 2&4 Doane's Wharf Road in the Town's "Coastal Residential Zone" in late 2014. Before closing, Plaintiff's predecessor in interest in the Doane's Wharf Road property obtained written assurances from Christopher Osterrieder, Kennebunk's Director of Community Development (i) agreeing with their characterization of the historical uses of the Doane's Wharf property, (ii) stating that those uses would be "grandfathered," and (iii) opining that a parking lot of approximately thirty (30) spaces could be available for accessory use on the property under the applicable zoning ordinances. Having ascribed value to the property based in part on Mr. Osterrieder's representations about the number of parking spaces available for accessory use, Plaintiffs closed on the Doane's Wharf Road property in June of 2015.

On July 24, 2015, CEO Demers sent Plaintiff a Notice of Violation and Order to Abate relating to its use of the Doane's Wharf Road property for restaurant parking. CEO Demers subsequently rescinded the July 24 letter, and on September 15, 2015, sent a second letter denying any and all uses for the Doane's Wharf Road property besides a residence and two (2) parking spaces associated with that use, and sixteen (16) boat slips and an equal number of parking spaces associated with that use.

2

Plaintiffs appealed Demers's September 15 letter to the ZBA, which held public hearings on the matter on October 19 and November 30. The ZBA issued its final written findings and conclusions on December 1, 2015, affirming Demers's decision in all respects besides a finding that the property's "grandfathered" use permitted twenty-two (22) parking spots (allocating additional spots for marina employees and tradesmen). Plaintiffs timely appealed both the CEO's and the ZBA's decisions.

## II. Discussion

### A. 12(b)(6) Standard

When reviewing a motion to dismiss under Maine Rule of Civil Procedure 12(b)(6), the complaint is viewed "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Ramsey v. Baxter Title Co.*, 2012 ME 113, ¶ 6, 54 A.3d 710. The allegations contained in the complaint are considered true and admitted. *Richardson v. Winthrop Sch. Dep't*, 2009 ME 109, ¶ 5, 983 A.2d 400 (citation omitted). Dismissal is warranted only when the court is satisfied that it is "beyond doubt that [the] plaintiff is entitled to no relief under any set of facts that might be proven in support of the claim." *Dragomir v. Spring Harbor Hosp.*, 2009 ME 51, ¶ 15, 970 A.2d 310 (citation omitted).

### B. Count I: Equitable Estoppel

Defendants argue that there is no affirmative cause of action for equitable estoppel under Maine law. Plaintiff counters that the Law Court has recognized the availability of claims for equitable estoppel based on the circumstances of the particular case.

Indeed, the case law cited by Defendants supports their proposition that equitable estoppel is available as an affirmative defense to enforcement actions, but "cannot be used as a

3

weapon of assault." *Tarason v. Town of S. Berwick*, 2005 ME 30, ¶ 16, 868 A.2d 230; *Buker v. Town of Sweden*, 644 A.2d 1042, 1044 (Me. 1994); *Waterville Homes, Inc. v. Maine DOT*, 589 A.2d 455, 457 (Me. 1991).

Other cases support the Plaintiff's contention that equitable estoppel is available as an affirmative claim against municipalities in some circumstances. In *Pike Industries v. City of Westbrook*, the plaintiff raised an affirmative claim of equitable estoppel under Rule 80B(i), which the parties later resolved via a consent decree. 2012 ME 78, ¶¶ 7-8, 45 A.3d 707. Discussing the validity of the consent decree, the Law Court stated that "[a] court exercising equity jurisdiction may, where the circumstances warrant, order that a municipality be equitably estopped from enforcing a valid zoning ordinance . . . ." *Id.* ¶ 19 (quoting *City of Auburn v. Desgrosseilliers*, 578 A.2d 712, 714 (Me. 1990)).

In *Kittery Retail Ventures, LLC v. Town of Kittery*, the plaintiff raised a separate count in an 80B appeal "request[ing] a declaratory judgment . . . based on various legal and equitable principles." 2004 ME 65, ¶ 7, 856 A.2d 1183. The Law Court affirmed the Superior Court's dismissal of the equitable estoppel claim based on the facts alleged in the plaintiff's complaint, implying an affirmative claim of equitable estoppel would lie in proper circumstances. *Id.* ¶ 35.

Discussing this same divergent line of cases, another court has noted "[t]he Law Court has not been the Oracle of Delphi as to the appropriate use of estoppel" before ultimately concluding "there appears to be no intellectually principled reason to favor one [i.e., affirmative defense] use to the exclusion of the other [affirmative claim]." *Dermer v. Pardi*, No. CV-17-249, 2017 Me. Super. LEXIS 265, at *2-3 (quoting *Grande v. St. Paul Fire & Marine Ins. Co.*, 436 F.3d 277, 279 n. 1 (1st Cir. 2006) ("Maine case law is unclear.")). The Court agrees with

4

this sentiment and, accordingly, Defendants' motion to dismiss count I of the Plaintiff's Complaint is denied.

### C. Count II: Procedural Due Process

Defendants argue count II of the Plaintiff's Complaint, which seeks a declaratory judgment stating Demers's action violated Plaintiff's constitutional right to procedural due process, should be dismissed because Plaintiff's 80B appeal is the only available avenue to redress any violation of due process rights that may have occurred below, a doctrine referred to as the "exclusivity principle." This principle provides:

> that when a legislative body has made provision, by the terms of a statute or an ordinance, for a direct means by which the decision of an administrative body can be reviewed in a manner to afford adequate remedy, such direct avenue is intended to be exclusive. Resort to the courts by alternative routes will not be tolerated, subject only to an exception for those circumstances in which the course of "direct appeal" review by a court is inadequate and court action restricting a party to it will cause that party irreparable injury.

*Fisher v. Dame*, 433 A.2d 366, 372 (Me. 1981).

Defendants argue the appeal process authorized by Rule 80B and 30-A M.R.S. § 2691(3)(G) establishes an adequate and exclusive means of seeking redress for any violation of Plaintiff's procedural due process rights that may have occurred.

Plaintiff counters that the exclusivity doctrine does not warrant the dismissal of its request for declaratory judgment, relying on the Law Court's decision in *Gorham v. Androscoggin County*, 2011 ME 63, 21 A.3d 115. There, the county suspended plaintiff without pay before conducting an administrative hearing that ultimately resulted in the termination of his employment. *Id.* ¶ 4. The plaintiff brought a state law claim for wrongful termination, and in a separate count brought under 42 U.S.C. § 1983, alleged his pre-termination suspension without pay constituted a violation of his procedural due process rights. *Id.* ¶ 5. The Superior Court

5

reasoned that an 80B appeal was the only means of seeking redress on both counts and dismissed both as untimely. *Id.* ¶ 6. The Law Court held that the trial court erred in dismissing the section 1983 claim as not independent of plaintiff's administrative appeal, noting that the alleged deprivation of his due process rights occurred before the administrative hearing that resulted in the termination. *Id.* ¶ 25.

Plaintiff first attempts to analogize the sequence of events in *Gorham* with those in the present case: there, the alleged violation of due process occurred before the operative decision for the purposes of an 80B appeal, just as "here, the CEO's alleged deprivation of notice occurred <u>before</u> the ZBA hearing." (Pl.'s Opp. at 6 (emphasis in original).) The issue, however, is not the sequence of events that occurred. The exclusivity principle is about the adequacy of the remedy available on Plaintiff's 80B appeal.

In the Procedural Due Process count of its Complaint, Plaintiff prays for the Court to (i) conduct a hearing on the facts, (ii) invalidate CEO Demers's September 15, 2015 letter, and (iii) declare the rights of the Plaintiff with respect to the Doane's Wharf Road property. These remedies are available through, and sought in, Plaintiff's 80B appeal and independent equitable estoppel/declaratory judgment count. Plaintiff advances no reason why these remedies would be inadequate or why the dismissal of count II would otherwise cause irreparable injury. Accordingly, Defendant's motion to dismiss count II of the Plaintiff's complaint is granted.

## III. Conclusion and Order

In light of the foregoing, the shall make the following entries on the docket by reference under Maine Rule of Civil Procedure 79(a):

Defendant's motion to dismiss count I of the Plaintiff's complaint is DENIED.

Defendant's motion to dismiss count II of the Plaintiff's complaint is GRANTED.

6

**SO ORDERED.**

Dated: October 15, 2018

_____
John O'Neil, Jr.
Justice, Superior Court

ENTERED ON THE DOCKET ON: 10/15/18

7