# United States Court of Appeals
## For the First Circuit

No. 12-1677

THOMAS GIANFRANCESCO,
d/b/a Tom's Tavern and Oyster Bar,
and as Trustee of Shears Street Realty Trust,

Plaintiffs, Appellants,

LINDY'S INC.,

Plaintiff,

v.

TOWN OF WRENTHAM ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Rya W. Zobel, U.S. District Judge]

Before

Howard, Stahl, and Thompson,
Circuit Judges.

Edward J. McCormick, III for appellants.
Judy A. Levenson, with whom Deidre Brennan Regan and Brody,
Hardoon, Perkins & Kesten, LLP were on brief, for appellees.

April 5, 2013

**STAHL, Circuit Judge**. Thomas Gianfrancesco, the former proprietor of a now-defunct bar and restaurant in Wrentham, Massachusetts, sued the Town of Wrentham and a number of town officials, claiming federal civil rights violations and unfair trade practices.[1] He alleges that the defendants maliciously imposed excessive regulatory requirements on his restaurant in retaliation for his opposition to certain town policies. The district court dismissed his complaint for failure to state a claim. After careful consideration, we affirm.

## I. Facts & Background

We draw the following facts from Gianfrancesco's amended complaint. See Katz v. Pershing, LLC, 672 F.3d 64, 69 (1st Cir. 2012). From 1998 to 2009, Gianfrancesco owned and operated Tom's Tavern, a restaurant and bar in Wrentham. At various times, Gianfrancesco appeared before local governmental bodies (including the Board of Health, the Planning Board, the Zoning Board of Appeals, and the Board of Selectmen) to voice his opinion -- most often critical -- of "the town's regulations and enforcement of various rules and code provisions concerning local businesses." In 2003, he "openly and publicly defied" the Town's smoking ordinances, which resulted in state court litigation (the outcome of which is not described in the complaint).

---

[1] The other named defendants are John McFeeley, Robert Bogardus, Glen Brown, Ravi Nadvani (whose name, we are told, is properly spelled "Nadkarni"), and "certain town officials."

Gianfrancesco alleges that, during and after the state court proceedings, the defendants subjected Tom's Tavern to a pattern of deliberate and selective application and enforcement of town regulations. This pattern included: repeated inspections aimed at ferreting out violations; repeated requests for information; and a series of unjustified orders requiring "improvements, additions, and renovations," including septic and sprinkler system upgrades. Gianfrancesco alleges that all of these actions were deliberately directed at Tom's Tavern and not at "other similarly situated establishments," and that they were undertaken "in direct retaliation against Mr. Gianfrancesco for the exercise of his First Amendments Rights of expression and speech in criticizing town government and defying the smoking by-law." He also alleges that during a 2009 meeting regarding the sprinkler system requirements, the Town Administrator "made remarks to the effect that 'Tom's Tavern' should be shut down." Indeed, in early 2009, Tom's Tavern "was forced out of business," allegedly "due to the deliberate and intentional misconduct of the defendants."

Gianfrancesco (on his own behalf and as Trustee of the Shears Street Realty Trust, which apparently owned the land where Tom's Tavern was located), along with "Lindy's Inc." (a Massachusetts corporation whose role here is not clear), brought a welter of claims against the defendants in Norfolk Superior Court. The defendants removed the case to the district court. After much

procedural skirmishing, two sets of claims remained. The first set alleged violations of Gianfrancesco's free speech, due process, and equal protection rights under 42 U.S.C. § 1983. The second set alleged violations of Mass. Gen. Laws ch. 93A, the state unfair-trade-practices law. The district court dismissed the § 1983 claims on the grounds that they were vague, failed to connect any of the alleged harms to any particular defendant, and did not establish a basis for municipal liability. Gianfrancesco v. Town of Wrentham, No. 09-12222-RWZ, 2012 WL 1164967, at *2 (D. Mass. Apr. 9, 2012). The court jettisoned the state law claims on the basis that chapter 93A does not apply beyond the "business context," and "the amended complaint does not even suggest any business context nor does it allege any unfair act or deceptive practice." Id. at *3. This appeal followed.

## II. Analysis

**A.        Standing**

Although the defendants wholeheartedly endorse the district court's dismissal of Gianfrancesco's amended complaint for failure to state a claim, they also offer another basis for affirmance: that Gianfrancesco lacks standing to bring his claims. The gist of the defendants' argument is that Gianfrancesco (who is the sole remaining plaintiff in the case[2]) lacks standing to sue

---

[2]        The parties agreed to voluntarily dismiss the claims by Lindy's Inc. and Gianfrancesco-as-Trustee, thus removing those plaintiffs from the case. Gianfrancesco, 2012 WL 1164967, at *1.

-4-

them for harms inflicted on his business, Tom's Tavern. This argument invokes the shareholder-standing rule, under which a corporate shareholder (even a sole shareholder) may not sue in his own name to redress injuries suffered solely by the corporation. See Pagán v. Calderón, 448 F.3d 16, 28-30 (1st Cir. 2006); 13A Charles Alan Wright et al., Federal Practice & Procedure § 3531.9.2, at 704 (3d ed. 2008).

Standing doctrine has two elements: an "irreducible constitutional minimum," Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992), and a prudential component, see Allen v. Wright, 468 U.S. 737, 751 (1984). The former requires that a plaintiff allege a concrete injury that is fairly traceable to the defendant's conduct and likely to be redressed by the requested relief. DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 (2006); Lujan, 504 U.S. at 560-61. The latter has various aspects, including a requirement that a party "assert his own legal rights and interests," not those of third parties. Warth v. Seldin, 422 U.S. 490, 499 (1975). The shareholder-standing rule is a species of prudential limitation, not a component of the core constitutional standing requirement. See Franchise Tax Bd. of Cal. v. Alcan Aluminium Ltd., 493 U.S. 331, 336-37 (1990).

Here, the ownership structure of Tom's Tavern is actually unclear. The amended complaint lists Gianfrancesco as "d/b/a Tom's Tavern" in the caption, but elsewhere alleges that he is "the owner

and operator of Tom's Tavern." The complaint also says that Lindy's Inc. is "d/b/a Tom's Tavern" and "is a Massachusetts corporation." It is unclear from these descriptions whether "Tom's Tavern" is some separate corporate entity or is simply a business name for Lindy's, Inc. (or is something else entirely). Of course, if Tom's Tavern (whatever its formal designation) is not a corporation in which Gianfrancesco has an interest, the shareholder-standing rule likely does not apply to him. But, in light of this confusion, we think it prudent to bypass the shareholder-standing issue in favor of a more straightforward resolution on the merits. We are able to do so because, although we may never bypass a question of constitutional standing to reach the merits of a case, see Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93-102 (1998), the same is not true of prudential standing limitations like the shareholder-standing rule, see Grubbs v. Bailes, 445 F.3d 1275, 1281 (10th Cir. 2006) (collecting cases).

For example, in Franchise Tax Board, a pair of foreign parent companies challenged the constitutionality of taxes imposed on their subsidiaries; the defendants disputed their standing to do so. 493 U.S. 334-35. The Supreme Court found that the parent companies had Article III standing, but assumed without deciding that they could duck the shareholder-standing rule (and thus show prudential standing) because a statute barred their claim anyway. See 493 U.S. at 336-38. Following the Court's example, we need not

-6-

decide whether the shareholder-standing rule bars Gianfrancesco's claims because we conclude that, under any construction of the allegations in his complaint, see Allen, 468 U.S. at 752, he does have Article III standing and, as explained below, his claims fail on the merits.

If Tom's Tavern is simply the name under which Gianfrancesco personally does business, then he has Article III standing because he suffered direct financial harm as a result of the defendants' alleged conduct. See Danvers Motor Co. v. Ford Motor Co., 432 F.3d 286, 291 (3d Cir. 2005) (noting that economic harm is a "paradigmatic" injury-in-fact for standing purposes). And if Tom's Tavern is a separate corporate entity of some sort, he has Article III standing for the same reason the parent companies had it in Franchise Tax Board: the defendants' actions, although taken against his business rather than against Gianfrancesco himself, caused him "actual financial injury" by driving Tom's Tavern out of business. See 493 U.S. at 336; see also SBT Holdings, LLC v. Town of Westminster, 547 F.3d 28, 37-38 (1st Cir. 2008) (plaintiffs suffered Article III injury-in-fact by virtue of actions taken against their business, which caused them "direct and consequential financial harm"). At the pleading stage, when "general factual allegations . . . may suffice" to show standing, Lujan, 504 U.S. at 561, no more is required, see Franchise Tax Bd., 493 U.S. at 336.

**B.      Failure to State a Claim**

To survive a motion to dismiss for failure to state a claim, a complaint need not present "detailed factual allegations," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), but it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  The precise parameters of the plausibility standard are "still a work in progress," Menard v. CSX Transp., Inc., 698 F.3d 40, 45 (1st Cir. 2012), but, at bottom, a complaint's non-conclusory factual content must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Iqbal, 556 U.S. at 663. An "unadorned, the-defendant-unlawfully-harmed-me accusation" will not do.  Id. at 678.  We review the district court's dismissal de novo, construing the complaint and drawing any reasonable inferences in Gianfrancesco's favor.  Harron v. Town of Franklin, 660 F.3d 531, 535 (1st Cir. 2011).

Gianfrancesco's amended complaint asserts claims under 42 U.S.C. § 1983 for violations of his rights to "free-speech, freedom of enterprise, due process of law and equal protection."  See West v. Atkins, 487 U.S. 42, 48 (1988) (to state a § 1983 claim, a plaintiff must allege that a person acting under color of state law violated his federally secured rights).   On appeal, however, Gianfrancesco has offered no developed argument regarding his First

Amendment or freedom-of-enterprise claims; thus, we do not consider them.  See Wilson v. Moulison N. Corp., 639 F.3d 1, 6 (1st Cir. 2011); United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

Gianfrancesco's due process claim is of the substantive sort, and alleges executive (rather than legislative) misconduct.[3] Thus, he must plausibly allege that the actions taken against him were so egregious as to shock the conscience and that they deprived him of a protected interest in life, liberty, or property.  Harron, 660 F.3d at 536.  He has not done so.  Construed in Gianfrancesco's favor, the amended complaint describes a pattern of selective and excessive enforcement of municipal regulations.  But it is remarkably vague.  The complaint says that Tom's Tavern was subject to "inapplicable" septic and sprinkler system requirements, but it does not say how or when it was subjected to these requirements, or by whom; it also does not say what makes the requirements excessive.  None of these missing facts should be beyond Gianfrancesco's reach.  Cf. Menard, 698 F.3d at 45-46 (allowing "modest discovery" to seek the "missing link" where necessary information was in the defendants' control).  In any event, even if Gianfrancesco has established that Tom's Tavern was subjected to unlawful regulation, he has not plausibly alleged that this overreaching was "a brutal and inhumane abuse of official power,"

---

[3]    Insofar as Gianfrancesco's brief hints at a procedural due process argument, that argument is too undeveloped (and too tardy) for us to consider.  See Zannino, 895 F.2d at 17.

-9-

or "truly outrageous, uncivilized, and intolerable." Harron, 660 F.3d at 536 (citation and internal quotation marks omitted) (affirming dismissal of substantive due process claim by bar owner who alleged that town forced him out of business). The complaint is devoid of allegations actually describing the defendants' conduct, and accusatory adverbs like "wrongfully," "deliberately," and "selectively" cannot carry a factually inadequate complaint across the pleading threshold. Cf. Iqbal, 556 U.S. at 686-87.

Gianfrancesco's equal protection claim is similarly deficient. Under the class-of-one rubric, an equal protection plaintiff may press a claim "that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment," even where he does "not [show] membership in a class or group." Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam). But, as we recently explained, a class-of-one plaintiff bears the burden of showing that his comparators are similarly situated in all respects relevant to the challenged government action. Middleborough Veterans' Outreach Ctr., Inc. v. Provencher, No. 12-1347, 2013 WL 135719, at *3 (1st Cir. Jan. 11, 2013); see Rectrix Aerodrome Ctrs., Inc. v. Barnstable Mun. Airport Comm'n, 610 F.3d 8, 16 (1st Cir. 2010). Gianfrancesco says that he has carried this burden by identifying one similarly situated business (the Anvil Pub), but we do not agree. The complaint makes no

effort to establish how or why the Anvil Pub is similarly situated to Tom's Tavern in any relevant way, and does not mention any other putative comparator. It simply says that the regulatory and enforcement measures taken against Tom's Tavern were not also taken against "similarly situated establishments." These are "assertions nominally cast in factual terms but so general and conclusory as to amount merely to an assertion that unspecified facts exist to conform to the legal blueprint." Menard, 698 F.3d at 45. And there is no suggestion that Gianfrancesco lacks the information needed to identify similarly situated businesses. Cf. Barrington Cove Ltd. P'ship v. R.I. Hous. & Mortg. Fin. Corp., 246 F.3d 1, 9 (1st Cir. 2001) (plaintiff had access to necessary information and "readily could have alleged sufficient facts in its amended complaint to demonstrate that [other parties] were similarly situated"). In light of these shortcomings, Gianfrancesco has not pled a plausible class-of-one claim. See id. at 8-10.[4]

That leaves only Gianfrancesco's chapter 93A claim. But, because he has not challenged the district court's dismissal of that claim, we need not address it. See Wilson, 639 F.3d at 6.

---

[4] Because we find that Gianfrancesco has failed to plausibly allege due process or equal protection violations, we need not consider whether he has pled a basis for municipal liability under Monell v. New York City Department of Social Services, 436 U.S. 658 (1978). "[P]olicy or practice aside, a municipality cannot be liable for the actions of its officials under Monell if those actions 'inflicted no constitutional harm.'" Robinson v. Cook, 706 F.3d 25, 38 (1st Cir. 2013) (quoting City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986)).

### III. Conclusion

For the foregoing reasons, we <u>affirm</u> the judgment of the district court.