STATE OF MAINE                                    SUPERIOR COURT
YORK, ss.                                         Civil Action
                                                  DOCKET NO. AP-17-0024

MARCEL DUBOIS,                    )
                                 )
and                              )
                                 )        **ORDER ON DEFENDANTS'**
SOL FEDDER,                       )        **MOTIONS TO DISMISS,**
                                 )        **MOTION FOR SANCTIONS,**
            Plaintiffs,          )        **AND MOTION FOR**
                                 )        **INJUNCTION PREVENTING**
      v.                         )        **FUTURE LITIGATION**
                                 )
TOWN OF ARUNDEL, *et al*,         )
                                 )
            Defendants.           )

## I.    BACKGROUND

The instant case arises out of proceedings before defendant Town of Arundel's Planning Board (the "Board") in relation to Dubois Livestock, Inc.'s ("Dubois Livestock") permit renewal application (the "Application") in June and July of 2017. (Compl. ¶¶ 6-9.) Dubois Livestock submitted the Application to the Board on June 28, 2017, seeking to renew a conditional use permit for property located at 2 Irving Road in Arundel, Maine. (Def.'s Mot. Ex. A 1.) The property had been granted conditional use as an agricultural composting facility under a consent decree entered into between Dubois Livestock, the Randrick Trust, and the Town of Arundel on June 27, 2016 (the "Consent Decree"). (Def.'s Ex. Mot. A 3-4.) The Consent Decree required Dubois Livestock to apply to the Town no later than July 1, 2017 for a renewal permit to continue the conditional use and outlined the requirements to obtain such renewal. (Def.'s Mot. Ex. A 3.)

The Application lists Randrick Trust as the property owner, Dubois Livestock as the applicant, and Ricky Dubois and Randy Dubois as authorized agents of Dubois Livestock. (Def.'s Mot. Ex. A 1.) Attached to the Application were a copy of the Consent Decree, an operations log,

1

a survey of the property, and a solid waste compost annual utilization report for 2016 from the Maine Department of Environmental Protection ("DEP"). (Def.'s Mot. Ex. A 3-6.)

On June 27, 2017,[1] defendants Leah Rachin, the Town Attorney, and James Nagle, the Town Code Enforcement Officer ("CEO") drafted and submitted a letter (the "Letter") to the Board, presumably in anticipation of the Application. Attached to the letter was a copy of a notice of violation ("NOV") issued by the Maine Department of Environmental Protection ("DEP") on June 23, 2017. Noting the NOV, the Letter states that Nagle was unable to produce a letter confirming that the composting facility run by Dubois Livestock was in compliance with all applicable state licenses. Such a letter was required for renewal of Dubois Livestock's conditional use permit pursuant the Consent Decree.

On July 27, 2017, the Board held a hearing on the Application. (Def.'s Mot. Ex. B 1-3.) No representative of Dubois Livestock attended the meeting. (Def.'s Mot. Ex. B 2.) Because Dubois Livestock had not submitted a letter from the CEO indicating that their compost operation was in compliance with existing state licenses and regulations pursuant to the Consent Decree or a sufficient plan of the site, the Board found that the Application was incomplete and did not comply with the Consent Decree. (Def.'s Mot. Ex. B 3.) Thus, the Board denied the Application. (Def.'s Mot. Ex. B 3.)

Plaintiffs Marcel Dubois and Sol Fedder filed the instant Complaint on September 12, 2017 against the Town, individual members of the Planning Board, including Richard Ganong, Chip Bassett, Jamie Lowrey, Tom McGinn, and Roger Morin, CEO James Nagle (collectively, the "Town Defendants"), the law firm Bergen and Parkinson, LLC (the "Firm"), which represents the Town, and Town Attorney Leah Rachin of the Firm (collectively, the "Attorney Defendants").

---

[1] The Complaint itself mistakenly refers to the date that Rachin and Nagle distributed the letter as June 27, 2015.

The Complaint alleges that the Letter to the Board constituted a "secret, clandestine and prohibited 'executive sessions' that were intended to discriminate against Dubois Livestock, Randy Dubois, Rick Dubois Sol Fedder and Marcel Dubois, and violate their rights protected under the Constitution of the United States and the Maine Constitution." (Compl. ¶ 6.) A copy of the Letter was attached to the Complaint.

Plaintiffs allege that the distribution of the Letter to the Board violated the Maine Freedom of Access Act ("FOAA") and created bias, unfairness, and partiality against the plaintiffs. (Compl. ¶ 7.) Thus, plaintiffs assert that the Board was predisposed against them in their meeting addressing their application on July 27, 2017.[2] (Compl. ¶ 7.) In addition to their FOAA claim, plaintiffs assert that Rachin and Nagle's correspondence denied them procedural due process. (Compl. ¶¶ 8-9.) Finally, pursuant to 42 U.S.C. § 1983, plaintiffs allege that they were denied equal protection due to the dissemination of the Letter to the Board. (Compl. ¶ 13.)

On September 29, 2017, the Town Defendants moved to dismiss the case, arguing that it was not timely filed, that the plaintiffs lacked standing to bring the suit, and that the Complaint failed to state a claim for relief. The Town Defendants also included copies of the Application, which also contains a copy of the Consent Decree (Ex. A), and meeting minutes for the Board's July 27 meeting (Ex. B). On December 21, 2017, the Attorney Defendants also moved to dismiss, joining the other defendants' arguments and also arguing that they had not been served and also asserting another argument as to why the Complaint failed to properly state a claim for relief. The Firm and Rachin also simultaneously requested sanctions and an injunction preventing future litigation. With their motion to dismiss, they further provided a copy of Nagle's Letter and a letter sent by Town Planner Tad Redway to inform Dubois Livestock of the Board's Decision.

---

[2] Although the Complaint and plaintiffs' other filings refer to this meeting as happening on July 24, 2017, the meeting minutes reflect that this meeting actually occurred on July 27.

3

## II.   STANDARD OF REVIEW

In reviewing a motion to dismiss, courts "consider the facts in the complaint as if they were admitted." *Bonney v. Stephens Mem. Hosp.*, 2011 ME 46, ¶ 16, 17 A.3d 123, 127. The complaint is viewed "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* (quoting *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830). "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." *Id.* However, when the court's jurisdiction is challenged, it is the plaintiff's burden of establishing that jurisdiction is proper. *Commerce Bank & Tr. Co. v. Dworman*, 2004 ME 142, ¶ 8, 861 A.2d 662 (citing *Interstate Food Processing Corp. v. Pellerito Foods, Inc.*, 622 A.2d 1189, 1191 (Me. 1993)).

## III.   DISCUSSION

### a.   Plaintiffs' Standing to Bring the Action

The first ground for dismissal asserted in defendants' motion is that plaintiffs lack standing to bring the present suit. Standing relates to, but is theoretically distinct from, the court's subject matter jurisdiction. *Bank of Am., N.A. v. Greenleaf*, 2015 ME 127, ¶ 7, 124 A.3d 1122 (citations omitted). "Standing is a condition of justiciability that a plaintiff must satisfy in order to invoke the court's subject matter jurisdiction in the first place." *Id.* (citing *Wells Fargo Bank, N.A. v. Girouard*, 2015 ME 116, ¶ 8 n.3, 123 A.3d 216.). Thus, it is plaintiffs burden to establish that they have standing to bring the present action.

Only plaintiffs "whose definite and personal legal rights are at stake may act as a plaintiff in a proper legal action." *Nichols v. Rockland*, 324 A.2d 295, 297 (Me. 1974) (citations omitted). Consequently, the court must analyze the plaintiffs' legal interest in the suit in order to properly

4

determine standing. *Id.* Further, in a Rule 80B action, plaintiffs must prove: (1) that they were a party to the administrative proceeding, and (2) that they suffered a particularized injury as a result of the agency's decision. *Norris Family Assocs., LLC v. Town of Phippsburg*, 2005 ME 102, ¶ 11, 879 A.2d 1007 (citing *Lewis v. Town of Rockport,* 2005 ME 44, ¶ 8, 870 A.2d 107). One suffers a particularized injury when "a judgment or order adversely and directly affects a party's property, pecuniary, or personal rights" and the injury is "in fact distinct from the harm experienced by the public at large." *Nergaard v. Town of Westport Island*, 2009 ME 56, ¶ 18, 973 A.2d 735 (quoting *Ricci v. Superintendent, Bureau of Banking*, 485 A.2d 645, 647 (Me. 1984). The Law Court has construed the term "party" to the underlying proceeding broadly as, "[A]ny participant in the proceedings who is aggrieved by the action or inaction of the zoning board of appeals." *Singal v. Bangor*, 440 A.2d 1048, 1050 (Me. 1982) (citing *Pride's Corner Concerned Citizens Assn. v. Westbrook Board of Zoning Appeals*, Me., 398 A.2d 415, 417-18 (1979)).

Defendants argue that plaintiffs have not alleged any connection to Dubois Livestock or otherwise participated in the process so that they have standing to challenge the Board's decision. They draw the court's attention to a previous decision of the Superior Court (Cumberland County, *Crowley, J.*): *Duchaine v. Town of Gorham*, No. CV-99-573, 2001 Me. Super. LEXIS 89 (June 15, 2001). In *Duchaine*, Justice Crowley found that corporate shareholders who had made personal payments to corporations, which were then used to pay allegedly excessive attorney's and engineer's fees, lacked standing to assert constitutional, negligence, and slander of title claims. *Id.* at *3-4. Specifically, the court held, "While the Individual Plaintiffs did make personal payments to the corporations, the Town's conduct did not directly affect their personal pecuniary interest as required to demonstrate a particularized injury." *Id.* at *4; *see also* 19 Am. Jur. 2d *Corporations* § 1925 ("Generally, a person cannot pursue an individual cause of action against third parties for

5

wrongs or injuries to a corporation in which he or she holds stock, even though he loses the value of his investment . . .").

The Law Court held similarly in *Stull v. First Am. Title Ins. Co.*, 2000 ME 21, 745 A.2d 975. In *Stull*, the Court addressed a plaintiff's standing to bring a breach of contract claim based on a contract between an insurance company and the corporation of which he was the sole shareholder. *Id.* ¶ 11. The Court found that the plaintiff, as sole shareholder, did not have standing to bring the claim on behalf of the corporation because he lacked particularized injury. *Id.*

Although there is almost certainly some relationship between plaintiffs and Dubois Livestock, plaintiffs have not alleged that they are either officers or shareholders of Dubois Livestock. In fact, they are insistent that they are not bringing the instant claim on behalf of Dubois Livestock. Even if they were officers or shareholders, that status does not confer standing on the plaintiffs as discussed above.

Plaintiffs assert that they are aggrieved parties in their own right. However, they have not shown that they participated in any fashion in the underlying proceeding; they baldly insist that they "clearly have standing." The minutes of the July 27 meeting reflect that no representative of Dubois Livestock was present. Plaintiffs' names also do not appear in the Application. Further, their Complaint only alleges only that they reside in Arundel, not that they participated in any stage of the proceeding. (Compl. ¶5.)

Consequently, plaintiffs have not carried their burden to show that they have standing to assert the instant action. Because plaintiffs lack standing to challenge the Board's decision or its alleged "executive session," the Complaint must be dismissed.

b.  **Timeliness of the Complaint**

6

In addition to standing, defendants challenge the timeliness of plaintiffs' Complaint. Generally, a Rule 80B complaint must be filed "within 30 days after notice of any action or refusal to act" is received by the party. M.R. Civ. P. 80B(b). The FOAA likewise imposes a 30-day time period to timely file an appeal from the time any action taken during an improper executive session is discovered. *Palmer v. Portland Sch. Comm.*, 652 A.2d 86, 89 (Me. 1995). However, a six-year statute of limitations applies to actions brought under 42 U.S.C. § 1983. *McKenney v. Greene Acres Manor*, 650 A.2d 699, 701 (Me. 1994). Thus, plaintiffs' section 1983 claim is timely.[3] The court will only address plaintiffs' first cause of action for 80B review and violation of the FOAA.

The timeliness of a complaint invokes the court's subject matter jurisdiction. *Davric Me. Corp. v. Bangor Historic Track, Inc.*, 2000 ME 102, ¶ 11, 751 A.2d 1024. If a complaint is untimely, the court lacks jurisdiction to address the matter. *Id.* Because timeliness concerns this court's jurisdiction, the court may not make any factual inferences in favor of the plaintiff when addressing the timeliness of the Complaint. *Gorham v. Androscoggin Cty.*, 2011 ME 63, ¶ 9, 21 A.3d 115.

In this case, the Board issued its decision on July 27, 2017, and informed Dubois Livestock of this decision the next day. The alleged "executive session" occurred even earlier, on June 27, 2017. The 30-day time period for FOAA violations runs from the time that plaintiffs learn of any action taken at an improper executive session. Because the only alleged action taken by the Board in this case occurred at the July 27 hearing and the plaintiffs were notified the next day, this time period begins to run at the same time as the standard Rule 80B statute of limitations.

---

[3] However, as discussed further *infra* in part III.c.ii. of this Order, plaintiffs' section 1983 claim cannot be brought independently of this plaintiffs' Rule 80B action.

Plaintiffs did not file their Complaint until September 12, 2017, well after the 30-day period to file the Complaint had passed. Consequently, the court lacks subject matter jurisdiction to address the matter.

### c. Plaintiffs' Claims for Relief

### i. Plaintiffs' FOAA Claim

Finally, defendants argue that, notwithstanding the other issues addressed above, plaintiffs' Complaint fails to state a claim for relief under the FOAA.[4] The FOAA was enacted to ensure that public business is "taken openly and that the records of their actions [is] open to public inspection and their deliberations [are] conducted openly." 1 M.R.S.A. § 401. Additionally, the FOAA is intended to prevent "clandestine meetings, conferences or meetings held on private property without proper notice and ample opportunity for attendance by the public." *Id.*

As an initial matter, plaintiffs suggest that in its review of defendants' motion to dismiss, this court cannot consider documents provided to the court, such as the Application, the Consent Decree, the meeting minutes for the July 27 meeting, and the notice of the Board's decision sent from Redway to Dubois Livestock. However, this contention is incorrect. This court may consider public documents, documents that are central to plaintiffs' claims, and documents referred to in the complaint without converting a motion to dismiss into one for summary judgment when the authenticity of the documents is not challenged. *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 11, 843 A.2d 43 (citation omitted). Because plaintiffs do not challenge the authenticity

---

[4] Although not formally requested, plaintiffs note in their opposition to defendant's motion to dismiss that leave to amend pleadings "shall be freely given when necessary to permit a proceeding erroneously commenced under this rule to be carried on as an ordinary civil action." M.R. Civ. P. 80B(a). (Pl.'s Opp. Def.'s Mot. Dismiss 10.) This court does not find that the instant Complaint was filed erroneously as an action for Rule 80B review. However, for the reasons stated above, the Complaint is deficient in a number of respects. Consequently, leave to amend is not mandated even if it were requested.

8

of the documents provided in this case, it is proper to consider them when deciding the instant motion to dismiss.

The FOAA provides only limited relief for violations. First, the court may declare illegal actions taken in executive session "null and void." 1 M.R.S.A. § 409(2). Second, the court may subject responsible to civil penalties. 1 M.R.S.A. § 410. However, only the Attorney General has authority to seek these penalties; plaintiffs are not entitled to them. *Lewiston Daily Sun v. Sch. Admin. Dist. No. 43*, 1999 ME 143, ¶ 11, 738 A.2d 1239. Thus, even if successful in their FOAA action, the only remedy that plaintiffs may receive is a declaration that any Board action during the executive session is "null and void."

Notwithstanding whether the distribution of the Letter constituted an illegal executive session, plaintiffs have not alleged that the Board took any action during the alleged executive session. The Board members only received the Letter from the CEO, James Nagle; they did not otherwise act. The only action taken by the Board occurred at the public hearing held on July 27, 2017. Plaintiffs only claim that the distribution of the Letter before the hearing biased the Board against Dubois Livestock. Consequently, plaintiffs are not entitled to relief under the FOAA.[5]

### ii. Plaintiffs' Equal Protection Claim

In order to survive a motion to dismiss, a complaint must sufficiently allege that, "compared with others similarly situated, [the person] was selectively treated . . . based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Marshall v. Town of*

---

[5] In their opposition to the Town's motion to dismiss, the plaintiffs attempt to assert a claim that the Town failed to provide a written record explaining the reasons for the decision. (Pl.'s Opp. Attorney Def.'s Mot. Dismiss 8-9.) However, this was not asserted in their Complaint. Consequently, notwithstanding the additional problems of timeliness and standing as above, plaintiffs have not sufficiently pleaded a claim on this ground. Plaintiffs additionally assert that they would request leave to amend the complaint if the defendants' motion was granted. (Pl.'s Opp. Attorney Def.'s Mot. Dismiss 9-10.) However, because the issues of timeliness and standing would persist no matter what claim would be asserted, any such request would be denied.

*Dexter*, 2015 ME 135, ¶ 30, 125 A.3d 1141 (quoting *Tapalian v. Tusino*, 377 F.3d 1, 5 (1st Cir. 2004)). When, as here, a person alleges improper treatment not as a member of a class, but as an individual, the plaintiff "bears the burden of showing that his comparators are similarly situated in all respects relevant to the challenged government action." *Id.* (quoting *Gianfrancesco v. Town of Wrentham*, 712 F.3d 634, 640 (1st Cir. 2013)). Mere "conclusive generalities" of differential treatment are insufficient. *Id.* ¶ 31 (citations omitted). The complaint must allege facts sufficient to demonstrate that the challenged decision had both a discriminatory effect and was motivated by a discriminatory purpose. *Id.* (citation omitted).

Plaintiffs' Complaint does not sufficiently allege a cause of action for equal protection. It is devoid of allegations concerning disparate treatment, discriminatory effect, and discriminatory purpose. Consequently, plaintiffs have failed to properly plead a cause of action for equal protection under 42 U.S.C. § 1983.

Additionally, an equal protection claim independent from plaintiffs' Rule 80B review is improper. When direct review of a decision is available pursuant to Rule 80B, it is the exclusive process for court review unless it is inadequate. *Gorham v. Androscoggin Cty.*, 2011 ME 63, ¶ 22, 21 A.3d 115. Rule 80B review is inadequate when "an alleged deprivation of civil rights occurs before, and not as a part of, the action or inaction for which a plaintiff seeks review." *Cayer v. Town of Madawaska*, 2016 ME 143, ¶ 16, 148 A.3d 707 (citing *Gorham*, 2011 ME 63, ¶ 25, 21 A.3d 115).

For example, in *Cayer v. Town of Madawaska*, a plaintiff sought a declaratory judgment that a town's failure to apply the correct statute violated their due process rights. *Id.* ¶ 17. The Law Court found that plaintiffs could not pursue such a theory because Rule 80B review was exclusive, stating:

10

The Town's determination that the amended statute governed the petition was a part of the process by which the Town decided not to hold a referendum on the Cayers' petition for secession. From that decision-making process, the Cayers had available Rule 80B review to correct any process errors. Consequently, Rule 80B review provided all the process the Cayers were due, had they timely exercised their right of appeal.

*Id.*

Likewise, here the plaintiffs' allegations occurred during and were a central part of the Board's review of their Application. Thus, review of the Board's decision under Rule 80B is adequate. Because Rule 80B review was available and adequate, it was exclusive. Thus, plaintiffs cannot assert an independent claim for equal protection outside of Rule 80B review of the Board's decision, which as discussed above, is untimely.

### iii. Interference with the Attorney Client Relationship Between the Attorney Defendants and the Town.

Aside from the above arguments, the Attorney Defendants further argue that Plaintiffs' Complaint must be dismissed because its claims are based on the legal services they provided to the Town. (Attorney Def.'s Mot. Dismiss 3.) Because there was no relationship between the Plaintiffs and the Attorney Defendants, they argue, the Complaint fails to state a claim against the Attorney Defendants.

Plaintiffs, however, claim to be suing the Attorney Defendants as state actors, not as having violated any duty to them in their private capacity. This court will not address whether the Attorney Defendants were in fact state actors for the purposes of this motion to dismiss, but notes that Attorney Defendants' argument would not be a proper ground to dismiss the Complaint.

### d. Service on Attorney Defendants

The Attorney Defendants also assert that because they have never been served with process, the Complaint must be dismissed. Plaintiffs do not claim to have properly served the

Attorney Defendants, they only argue that they relied on the Attorney Defendants' representation that they would be answering the Complaint and thus still have not served the Attorney Defendants. However, this does not excuse plaintiffs' inaction

Under Rule 3 of the Maine Rules of Civil Procedure, when a case is commenced by filing a complaint with the court, a return of service must be filed with the court within 90 days after the filing of the complaint. M.R. Civ. P. 3. If this return of service is not timely filed, "the action may be dismissed on motion and notice . . .." *Id.* Additionally, plaintiffs must properly serve defendants pursuant to the requirements of Rule 4, which specifies how service of a summons and complaint is to be made. M.R. Civ. P. 4(c). It should further be noted that self-represented litigants are subject to the same standards as represented parties in relation to service of process. *Brown v. Thaler*, 2005 ME 75, ¶ 8, 880 A.2d 1113 (citing *Uotinen v. Hall*, 636 A.2d 991, 992 (Me. 1994)).

Service of process serves a two purposes: (1) giving the party served adequate notice of the pendency of an action; and (2) giving the court personal jurisdiction over the defendant. *Brown v. Thaler*, 2005 ME 75, ¶ 10, 880 A.2d 1113 (citations omitted). Any judgment from this court in the absence of personal jurisdiction over a party is void. *Id.* (citations omitted).

Because the instant Complaint was filed on September 12, 2017 and the Attorney Defendants have yet to be served, dismissal of the Complaint as it pertains to the Attorney Defendants is proper.

Rule 3 also provides that reasonable attorney's fees may be awarded to the defendant if the court finds that the action was "vexatiously commenced." *Id.* The Attorney Defendants request fees pursuant to this section. Given the substantial lack of merit of the Complaint and the failure to provide service to the Attorney Defendants, the court will award reasonable attorney's fees to the Attorney Defendants under this section.

12

### e. Attorney Defendants' Motion for Sanctions

In addition to requesting fees under Rule 3, the Attorney Defendants also request sanctions

pursuant to Rule 11 of the Maine Rules of Civil Procedure. Rule 11 provides:

> The signature of an attorney or party constitutes a representation by the signer that
> the signer has read the pleading or motion; that to the best of the signer's knowledge,
> information, and belief there is good ground to support it; and that it is not
> interposed for delay. If a pleading or motion is not signed, it shall not be accepted
> for filing. If a pleading or motion is signed with intent to defeat the purpose of this
> rule, the court, upon motion or upon its own initiative, may impose upon the person
> who signed it, upon a represented party, or upon both, an appropriate sanction,
> which may include an order to pay to the other party or parties the amount of the
> reasonable expenses incurred because of the filing of the pleading or motion,
> including a reasonable attorney's fee.

M.R. Civ. P. 11(a). The court has "inherent authority to sanction parties and attorneys for abuse of

the litigation process." *Chiappetta v. Le Blond*, 544 A.2d 759, 760 (Me. 1988). However, this

authority "should be sparingly used and sanctions imposed only when the abuse of the process by

parties or counsel is clear." *Id.*

Here, it is clear that sanctions are warranted. As discussed in this Order, the Complaint is

deficient in myriad ways and the Plaintiffs have failed to properly serve the Attorney Defendants.

Consequently, Rule 11 provides a further basis for an award of attorney's fees as well as expenses,

both to the Attorney Defendants and the Town Defendants. Accordingly, the defendants must

submit an affidavit outlining fees and expenses for the court to review prior to approving a specific

award.

### f. Attorney Defendants' Motion for Injunction Preventing Future Litigation

Finally, the Attorney Defendants request an injunction preventing plaintiffs from filing

further lawsuits against them. Generally, the court has the authority to issue such an injunction to

curtail "frivolous and vexatious lawsuits." *Spickler v. Key Bank of S. Me.*, 618 A.2d 204, 207 (Me.

1992) (citations omitted). Such an injunction usually involves the requirement either that a licensed

13

attorney sign the pleading or that the court approve the filing before requiring the defendant to respond. *See St. Hilaire v. St. Hilaire*, 2004 ME 13, ¶ 7, 841 A.2d 783.

Although the court is aware of this case and the many others that plaintiffs have filed in this court, it does not believe that a warrant preventing future litigation is appropriate at this juncture. Consequently, Attorney Defendant's motion is denied.

## IV.    CONCLUSION

For the reasons set forth above, the plaintiffs lack standing to bring the action, no subject matter jurisdiction exists for the court to properly review the matter, and plaintiffs fail to state a claim upon which relief can be granted. Defendants' motion to dismiss is granted. Given the significant problems with the Complaint, the court also awards defendants reasonable attorney's fees and expenses pursuant to Rule 11 of the Maine Rules of Civil Procedure upon receipt of an affidavit from defendants' counsel outlining such fees and court approval. The Attorney Defendants' motion for an injunction preventing future litigation is denied.

The clerk shall make the following entry on the docket:

Defendants' motions to dismiss are hereby GRANTED.
Defendants' motion for sanctions is hereby GRANTED.
Plaintiffs are ordered to pay defendants' reasonable attorney's fees and expenses.
Defendants' motion for an injunction preventing future litigation is hereby DENIED.

SO ORDERED.

DATE: _____2/1_____, 2018

ENTERED ON THE DOCKET ON: 2/1/18

_____
John O'Neil, Jr.
Justice, Superior Court

14