# United States Court of Appeals
## For the First Circuit

No. 22-1485

BACK BEACH NEIGHBORS COMMITTEE,

Plaintiff, Appellant,

v.

TOWN OF ROCKPORT,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

Before

Kayatta, Lynch, and Howard,
Circuit Judges.

Michael C. Walsh, with whom Walsh & Walsh LLP was on brief,
for appellant.
Deborah I. Ecker, with whom KP Law, P.C. was on brief, for
appellee.

March 27, 2023

**LYNCH**, **Circuit Judge**.    The Back Beach Neighbors Committee, an unincorporated association of individuals who reside along or near Back Beach, a public beach in the Town of Rockport, Massachusetts, sued the Town in federal district court, claiming that the Town committed a class-of-one equal protection violation by failing to adequately enforce various local rules against scuba divers at Back Beach.  The district court dismissed the Committee's equal protection claim.  Back Beach Neighbors Comm. v. Town of Rockport, 535 F. Supp. 3d 57, 63 (D. Mass. 2021).  We affirm.

## I.

### A.

When reviewing the grant of a motion to dismiss for failure to state a claim, "we accept as true all well-pleaded facts alleged in the complaint and draw all reasonable inferences therefrom in the [plaintiff]'s favor." Legal Sea Foods, LLC v. Strathmore Ins. Co., 36 F.4th 29, 34 (1st Cir. 2022) (alteration in original) (quoting Alston v. Spiegel, 988 F.3d 564, 571 (1st Cir. 2021)).

Back Beach is one of several public beaches in the Town. Across the street from Back Beach is a bathroom facility, a gazebo, and public parking.  According to the Committee, the "parking layout and metering" at Back Beach is "unlike [that at] any other public area or beach in Town," making "access easier for strangers" at Back Beach.  This ready access has allegedly made Back Beach a

popular location in the last two decades for commercial scuba diving.[1]

The Committee alleges that the regular presence of scuba divers has harmed the Committee members in various ways. For example, the Committee alleges that noise from the divers and their "clanging tanks" often can be heard early in the morning and past midnight, "depriving the [m]embers of sleep." Further, the Committee claims that its members "have seen divers engaging in actual public nudity" while "changing in the public street or sidewalk," causing distress for those members and their "impressionable" children and grandchildren. The divers also purportedly leave "trash and refuse . . . strewn on the [Committee members'] land" and park their cars in a manner that both causes the members to be "blocked in their driveway[s], unable to drive down the street, or unable to return home" and "prevent[s] fire trucks and public safety vehicles" from accessing the area safely. The Committee further alleges that some divers have "retaliat[ed] against the Committee [m]embers for summoning the police," including, in one instance, by "doxxing" a Committee member by posting the member's "private personal information" onto a "niche

---

[1] As the district court noted, the Committee's reference to "commercial" scuba diving ostensibly describes "professional divers who provide equipment and instruction to paying customers," not "companies or individuals engaged in commercial fishing operations." Back Beach Neighbors Comm., 535 F. Supp. 3d at 61 n.1.

divers internet forum" for the purpose of "embarrassment or harassment." Ultimately, the divers' behavior has allegedly made the Committee members "no longer feel safe on their own propert[ies]."

The Committee alleges that the Town has a "bylaw against diving"; a "beach regulation about changing in public"; a "bylaw [that] prohibits commercial activities" and "limits large groups" on public beaches; "rules and laws about day and nighttime beach access"; and "parking rules at Back Beach." The Committee claims that despite its members' having "made concerted efforts to persuade the Town . . . to mitigate the harmful effects of the diving" by enforcing these various rules, the Town has failed to do so, instead "opt[ing] to encourage diving at [Back Beach] unlike [at] any other beach in the Town."

## B.

On July 6, 2020, the Committee sued the Town in the U.S. District Court for the District of Massachusetts. The Committee's complaint, as later amended, includes nine counts. Count I of the complaint brings a class-of-one equal protection claim against the Town, alleging that the "Back Beach [a]rea has been treated differently than all other public beaches in [the Town]." The Committee alleges that the Town's failure to consistently enforce its various rules concerning diving, beach access, and parking has

- 4 -

led to the "singl[ing] out [of Back Beach] as a place to welcome divers."

The Town moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), and on April 21, 2021, the district court granted the motion as to Count I and six of the eight other counts. Back Beach Neighbors Comm., 535 F. Supp. 3d at 67. With respect to Count I, the court found that the Committee had "fail[ed] to identify any individuals or groups to which it is similarly situated" and thus had failed to plausibly allege a class-of-one equal protection claim. Id. at 63.

The lawsuit proceeded with respect to the two surviving counts until May 27, 2022, when the district court granted summary judgment for the Town on those counts. See Back Beach Neighbors Comm. v. Town of Rockport, 605 F. Supp. 3d 243, 255 (D. Mass. 2022). Judgment entered for the Town on June 3, 2022, and this timely appeal, concerned only with the prior dismissal of Count I, followed.

**II.**

We review de novo the district court's dismissal of the complaint for failure to state a claim.[2] Plazzi v. FedEx Ground

_____

[2] At the outset, the Town contends that the Committee, as an unincorporated association, is not a proper party to this litigation, and thus that the Committee lacks associational standing under the third prong of Hunt v. Washington State Apple Advertising Commission, 432 U.S. 333 (1977). See id. at 343 ("[A]n association has standing to bring suit on behalf of its members

- 5 -

Package Sys., Inc., 52 F.4th 1, 4 (1st Cir. 2022). To survive a motion to dismiss, the complaint must allege sufficient facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Although we "accept as true all well-pleaded facts alleged in the complaint and draw all reasonable inferences therefrom in the [plaintiff]'s favor," Legal Sea Foods, 36 F.4th at 34 (alteration in original) (quoting Alston, 988 F.3d at 571), we "credit neither 'conclusory legal allegations' nor factual allegations that are 'too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture,'" id. at 33 (citation omitted) (first quoting Cardigan Mountain Sch. v. N.H. Ins. Co., 787 F.3d 82, 84 (1st Cir. 2015);

---

when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit."). Because we find for the Town on the merits, we bypass the prudential question of whether the Committee, as opposed to its members, was the proper party to bring this lawsuit. See United Food & Com. Workers Union Loc. 751 v. Brown Grp., Inc., 517 U.S. 544, 555 (1996) ("[T]he associational standing test's third prong is a prudential one."); Nisselson v. Lernout, 469 F.3d 143, 151 (1st Cir. 2006) (noting that "[t]he determination of who may maintain an otherwise cognizable claim turns on a question of prudential standing, not one of Article III standing," and thus may be bypassed); cf. Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118, 127 n.3 (2014) (declining to decide whether limitations on third-party standing are constitutional or prudential).

and then quoting SEC v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010) (en banc)).

As the Supreme Court has recognized, a plaintiff can bring an equal protection claim as a "class of one" even where the plaintiff does "not allege membership in a class or group."[3] Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam). In a class-of-one claim, the plaintiff must show that "she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Id.

To bear their burden of showing that others are "similarly situated," class-of-one plaintiffs must "identify[] comparators who are 'similarly situated in all respects relevant to the challenged government action.'" McCoy v. Town of

---

[3] The Town argues that a class-of-one equal protection claim can only be brought by a single plaintiff, and thus that the Committee (an unincorporated association with multiple members) cannot bring such a claim. But the Supreme Court has squarely foreclosed this argument, stating that "[w]hether [a] complaint alleges a class of one or of [more than one] is of no consequence because . . . the number of individuals in a class is immaterial for equal protection analysis." Village of Willowbrook v. Olech, 528 U.S. 562, 564 n.* (2000) (per curiam). Indeed, the Supreme Court case that articulated the class-of-one framework involved a complaint that "could [have been] read to allege a class of five." Id. Our statement that "a class of one is not a class of many," Cordi-Allen v. Conlon, 494 F.3d 245, 254 (1st Cir. 2007), is not to the contrary: this statement stands only for the proposition that when the burdens identified by class-of-one plaintiffs are also shared by non-plaintiffs, that fact undercuts an inference of differential treatment. See id. Indeed, the class-of-one claim in Cordi-Allen was brought by two plaintiffs. Id. at 248.

Pittsfield, 59 F.4th 497, 507 (1st Cir. 2023) (quoting Gianfrancesco v. Town of Wrentham, 712 F.3d 634, 640 (1st Cir. 2013)). "Plaintiffs must show an 'extremely high degree of similarity' between themselves and those comparators." Id. (quoting Cordi-Allen v. Conlon, 494 F.3d 245, 251 (1st Cir. 2007)). Although an "[e]xact correlation" is not required, Cordi-Allen, 494 F.3d at 251 (alteration in original) (quoting Tapalian v. Tusino, 377 F.3d 1, 6 (1st Cir. 2004)), class-of-one plaintiffs must demonstrate that the comparators "have engaged in the same activity vis-à-vis the government entity without such distinguishing or mitigating circumstances as would render the comparison inutile," id.

The Committee has failed to plausibly allege that similarly situated comparators exist. As the district court noted, the complaint makes no attempt whatsoever to "identify any individuals or groups to which [the Committee] is similarly situated, such as other residents or neighborhood associations" in the Town. Back Beach Neighbors Comm., 535 F. Supp. 3d at 63. Instead, the Committee's claim is premised on the argument that Back Beach has been treated differently from the Town's other public beaches.

Even if, as the Committee contends, the Town's public beaches are appropriate units of comparison in the class-of-one equal protection analysis, the complaint falls short of plausibly

- 8 -

alleging that the Town's other beaches are similarly situated to Back Beach.  On the contrary, the complaint states that the "parking arrangement at Back Beach is unlike [that at] any other public area or beach in Town."  The availability of public parking, which the Committee acknowledges makes "access easier for strangers," differentiates Back Beach from the Town's other public beaches in a manner relevant to the complaint's central allegation that the Town fails to adequately enforce regulations against divers at Back Beach.[4]  And the Committee "makes no effort to establish how or why [Back Beach] is similarly situated to [the Town's other public beaches] in any relevant way, and does not mention any other putative comparator."  Gianfrancesco, 712 F.3d at 640.

---

[4]    At oral argument, the Committee's counsel posited that the Town committed an equal protection violation when it chose to provide public parking at Back Beach but not at other public beaches.  Counsel stated, for example, that another beach called Front Beach does not have public parking, despite being located further downtown.  But these allegations are not presented in the Committee's complaint.  Rather, the complaint alleges that the Town failed to enforce various local rules -- such as those related to diving, public nudity, beach access, and parking -- at Back Beach in the same manner that it enforced those rules at other public beaches.  In any event, even if the Committee's complaint claimed that the Town's decision to place public parking at Back Beach was the source of the equal protection violation, the complaint still fails to plausibly allege that Back Beach was similarly situated to other public beaches "in all respects relevant" to that decision.  McCoy, 59 F.4th at 507 (quoting Gianfrancesco, 712 F.3d at 640).  Indeed, the complaint makes no attempt to describe Front Beach or any other public beaches.

The Committee argues that the Supreme Court's decision in Engquist v. Oregon Department of Agriculture, 553 U.S. 591 (2008), relaxed or eliminated the requirement that class-of-one plaintiffs must identify similarly situated comparators. It contends that when a plaintiff asserts that there has been an "unfair deviation from a clear [governmental] standard," rather than a "subjective governmental decision," that allegation suffices to make out a class-of-one claim, regardless of whether the existence of similarly situated comparators has been plausibly alleged. The Committee posits that its complaint would meet this relaxed standard because although it included allegations concerning "lack of enforcement," it also pleaded that "clear standards, such as the rule against diving in harbors and the beach regulations, were not being applied" at Back Beach.

This argument misconstrues Engquist and is flatly inconsistent with the Supreme Court's class-of-one equal protection precedent. In Engquist, the Supreme Court identified one sphere -- public employment -- in which plaintiffs cannot bring class-of-one equal protection claims at all.[5] See id. at 598. It

_____

[5] The Supreme Court noted that there may be other "forms of state action," in addition to personnel decisions in the public employment context, that "by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments" and thus are not susceptible to class-of-one equal protection challenges. Engquist, 553 U.S. at 603. The Court cited the example of a traffic officer issuing a speeding ticket to one speeding driver among many, noting that "allowing an equal

- 10 -

did not purport to alter the analytical framework for class-of-one claims that <u>can</u> be pursued in other contexts. On the contrary, <u>Engquist</u> expressly preserved the class-of-one framework set forth in <u>Olech</u>. See <u>id.</u> at 602 (citing <u>Olech</u> for the proposition that "[w]hen those who appear similarly situated are [intentionally] treated differently, the Equal Protection Clause requires at least a rational reason for the difference"). And nothing in <u>Engquist</u> remotely supports the Committee's argument that the Supreme Court intended to relax the "similarly situated" requirement. See <u>id.</u>; see also <u>id.</u> at 608 (agreeing with the appellant's argument that even where the class-of-one framework is applicable, a plaintiff must "prove that the government's differential treatment was intentional, <u>that the plaintiff was treated differently from other similarly situated persons</u>, and that the unequal treatment was not rationally related to a legitimate government purpose," which is a "difficult" showing to make (emphasis added)). The Committee's argument that the Town deviated from clear standards thus, at most, helps protect the Committee's claim from being inadequate under <u>Engquist</u> (a possibility on which we express no view), but does not

protection claim on the ground that a ticket was given to one person and not others, even if for no discernible or articulable reason, would be incompatible with the discretion inherent in the challenged action." <u>Id.</u> at 604. We need not decide whether the Town's alleged actions here are of the sort that are insulated from class-of-one suits under <u>Engquist</u>, because even if they are not, the Committee's failure to plausibly allege the existence of similarly situated comparators vitiates its class-of-one claim.

- 11 -

obviate the requirement of identifying similarly situated comparators.

Because the Committee has not plausibly alleged the existence of similarly situated comparators, its class-of-one equal protection claim fails.

## III.

For the foregoing reasons, the judgment of the district court is <u>affirmed</u>.